Cortland A. Johnson-, J.
Motion (1) to amend a notice of claim and (2) to permit the service of an amended complaint. Cross motion pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings dismissing the complaint against the defendant Village of Hempstead.
The complaint contains 15 causes of action. Each cause of action is directed against the three defendants, viz.: the Village of Hempstead, Albert Tint and Eleanor Tint. The Tints were the owners of premises located at No. 93 South Franklin Street, Hempstead, New York, in which the plaintiffs were allegedly *73 injured as the result of a fire in said premises on January 8, 1956. The plaintiffs were occupants of an apartment on the second floor of the building. Common to each of the causes of action are allegations which briefly stated charge “ the defendant ” with permitting and approving the use of a defective kitchen stove, and with causing and directing the installation of a defective and improper device for the prevention of fire spreading to the adjacent walls and woodwork.
Disregarding the ambiguity and deficiency existing in paragraphs “ 9 ” and “10” of the complaint in charging “the defendant ” rather than “ the defendants ” with the negligent acts stated therein, the basic question is: Does the complaint state a cause of action against the Village of Hempstead?
As it has been held that, “ The waiver of sovereign immunity by section 8 (formerly § 12-a) of the Court of Claims Act has rendered the defendant municipality liable, equally with individuals and private corporations, for the wrongs of its officers and employees.” (Steitz v. City of Beacon, 295 N. Y. 51, 54), it is no longer necessary to consider the nature of the function, whether it was governmental or proprietary, in determining liability. In the Steitz case (supra) a fire occurred on the plaintiffs’ premises which resulted in a destruction of the plaintiffs’ property because the city failed to provide a sufficient quantity of water for fire fighting purposes. The court wrote p. 54): ‘ ‘ liability must be 1 determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations ’. Accordingly the city is governed and controlled by the rules of legal liability applicable to an individual sued for fire damage under the circumstances alleged in the complaint.” There it was held that absent an agreement or a statute there would be no duty on an individual supplying water to quench the fire or indemnify the loss where the fire was started by another. Here, too, the failure of the agents of the village to recommend proper devices for retarding fires or the permission to continue the use of an allegedly defective stove does not without more impose liability on the village for the losses subsequently sustained. The Board of Trustees of a village may prevent dangerous conditions of stoves in any building (Village Law, § 89, subd. 51) but because it assumes to take measures in behalf of the public to prevent fire, it does not, therefore, render the village liable for the failure to adopt the most approved means of fire prevention. In the Steitz case (supra), the court held that while there was a public duty to maintain a fire department the city could not be charged with *74 liability for the omission to keep hydrants, valves or pipes in repair for the furnishing of water as (p. 55), “ An intention to impose upon the city the crushing burden- of such an obligation should not be imputed to the Legislature in the absence of language clearly designed to have that effect.” (Emphasis supplied.) (See, also, Siraco v. Village of Whitehall, 5 A D 2d 925; Meadows v. Village of Mineola, 72 N. Y. S. 2d 368.) Here, too, the burden would be “ crushing ” if the failure of a municipal employee to recommend adequate measures for preventing fire or to direct the removal of a defective stove were to subject the municipality to claims for damages.
Accordingly, the cross motion of the defendant Village of Hempstead is granted. The plaintiffs’ motion need not be determined in view of the disposition of the cross motion.
Short-form order signed.