■ ELLA FISCHER et al., Appellants, v. CAPITAL AIRLINES, INC., Respondent. — Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Erie Trial Term for defendant for no cause of action in an airline negligence action.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ DONALD V. MURPHY et al., a Partnership Doing Business as MURPHY BROS., Appellants. v. CITY OF SYRACUSE, Respondent.— Judgment and order insofar as appealed from unanimously affirmed, with costs. (Appeal from part of judgment and order of Onondaga Special Term adjudging defendant had the right to, and did, cancel the lease between the parties, and that defendant may not be enjoined from removing plaintiffs from the demised premises.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ RONALD W. HOSIE, an Infant, by JAMES M. HOSIE, His Guardian ad Litem, et al., Respondents, v. PHOENIX BREWERY CORPORATION, Appellant, et al., Defendants.— Order unanimously reversed, without costs of this appeal to either party, and motion granted in accordance with the memorandum, without costs. Memorandum: In answer to a demand by defendant Phoenix Brewery Corporation for a bill of particulars setting forth " The specific acts or omissions constituting * * * negligence ", the plaintiff served a bill of particulars stating that such facts and omissions were fully set forth in paragraphs 6, 10 and 12 of the complaint. Phoenix moved for a further bill of particulars and to strike from the one furnished certain general allegations of negligence on the ground that they were vague, indefinite and not specific. The motion was denied at Special Term. The order appealed from must be reversed and the motion granted to the extent of striking from such bill of particulars all reference to paragraphs 6 and 10 of the complaint and by striking therefrom the following language adopted by cross reference to paragraph 12 of the complaint: " and otherwise conducting its bottling, capping, sealing, packaging, distribution and sale of said beer in a careless and negligent manner "; and also " The Phoenix Brewery Corporation was otherwise carelesss and negligent herein ". If, hereafter, the plaintiff shall discover new or additional facts upon which he may desire to base further claims of negligence, a motion may be made for permission to serve an amended and supplemental bill of particulars. (Appeal from order of Erie Special Term denying motion by defendant Phoenix Brewery to compel plaintiffs to furnish a further bill of particulars, and other relief.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ ERNEST CRITOPH, Doing Business as CRITOPH BROTHERS, Respondent, v. LEONARD E. LERCZAK, Doing Business as CHIPPEWA CONSTRUCTION Co., et al., Appellants.— Order insofar as appealed from unanimously affirmed, with $25 costs and disbursements. Stay vacated. (Appeal from part of order of Erie Special Term permitting amendment of plaintiff's complaint.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ FRANCES ODRZYWOLSKI, Respondent, v. EDWARD ODRZYWOLSKI, Appellant.— Appeal dismissed unless printed records and briefs are filed and served on or before June 15, 1960.