■ MARGARET SHAW, Individually and as Guardian ad Litem of THERESA SHAW, and Others, Infants, et al., Appellants, v. VILLAGE OF HEMPSTEAD, Respondent, et al., Defendants.— In an action to recover damages for personal injuries, conscious pain and suffering, and wrongful death allegedly arising from a fire in an apartment occupied, by the injured persons and the decedent in a building consisting of a store and two apartments, owned by the defendants Tint, the plaintiffs appeal from an order of the Supreme Court, Nassau County, dated June 19, 1958, which: (1) dismissed as academic the plaintiffs' motion to permit service of an amended notice of claim and amended complaint, nunc pro tunc, changing the amounts of the damages sought; and which (2) granted the cross motion of the Village of Hempstead, pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the complaint as against the village on the ground that the complaint fails to state facts sufficient to constitute a cause of action. Order modified: (1) by adding to the provision granting the motion of the village to dismiss the complaint, a provision granting leave to the plaintiffs, if they be so advised, to serve an amended complaint; and (2) by striking out the provision dismissing as academic the motion to amend the notice of claim and by substituting therefor a provision granting such motion. As so modified, order affirmed, without costs. The amended complaint shall be served within 30 days after the entry of the order hereon. The complaint not only lacks clarity as to the particular defendants against whom certain allegations are made, but it also appears to be based on conclusory statements and conclusions of law. Such a complaint is insufficient. Under the circumstances shown, however, it was an improvident exercise of discretion not to grant leave to replead. As leave to serve an amended complaint is granted, the motion for leave to serve an amended notice of claim is no longer academic. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur. [15 Misc 2d 72.]

■ EDWARD SPALTER, Appellant, et al., Plaintiffs, v. I. J. MORRIS, INC., et al., Respondents, et al., Defendants.— In an action to recover damages for personal injuries, plaintiff Edward Spalter appeals from an order of the Supreme Court, Kings County, entered December 28, 1959, adhering to a prior determination vacating a preference in trial which had been granted pursuant to rule 9 of the Kings County Supreme Court Trial Term Rules. The preference had been granted on January 10, 1958. Thereafter, an order was entered June 19, 1958, vacating the preference. A motion to reconsider the order of June 19, 1958, was denied by order entered January 5, 1959. Subsequently, this court reversed the order of January 5, 1959, and remitted the matter to the Special Term for further consideration, so as to afford plaintiffs " a further opportunity to present facts showing whether they are entitled to a preference " (Spalter v. I. J. Morris, Inc., 8 A D 2d 747). Following the ensuing hearing, the order appealed from was entered December 28, 1959, adhering to the determination vacating the preference. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ ANN STEINBERG, an Infant, by JACK STEINBERG, Her Guardian ad Litem, et al., Appellants, v. LAWRENCE SUTTON et al., Respondents.— In an action to recover damages for personal injuries arising out of an automobile accident allegedly caused by defendants' negligence, the plaintiffs appeal from an order of the Supreme Court, Queens County, dated February 11, 1960 denying their motion for summary judgment against defendants Lawrence Sutton and David Sutton. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Christ and Brennan, JJ., concur.