ARTHUR A. TAYLOR, SR., as Administrator with Limited Letters of Administration of the Estate of KATHLEEN M. TAYLOR, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 50944.)

Reynolds, J. P., Staley, Jr., and Greenblott, JJ., concur. Cooke and Sweeney, JJ., dissent and vote to affirm in the following memorandum by Cooke, J.: We vote for affirmance. The sole issue here is one of procedure, the sufficiency of the pleading. Substantively, there is no dispute. The majority recognizes the State's duty of supervision and the question of whether Sickler's actions were foreseeable upon breach of that duty. On that subject and among the rather verbose allegations of the claim, it is recited: that on November 4, 1967 at the Town or City of Poughkeepsie in Dutchess County, Kathleen M. Taylor, born May 31, 1947, the daughter of Arthur A. and Margaret Taylor, was murdered by Gary Sickler, a New York State prison parolee, by means of a sharp or other instrument in the course of an attempt by Sickler to commit rape upon Kathleen M. Taylor, the death resulting from hemorrhagic shock, multiple stab "wound" in and about the chest, abdomen, neck and elsewhere upon her person, without any negligence on the part of claimant; that the death was caused as a result of the negligent acts and omissions to act of the State of New York, its parole board, parole division, agents, servants and employees; that after his release the State, its agents, servants and employees referred to neglected and omitted to restrain, control, survey, treat and keep in custody said Sickler whom it was required by law to restrain, control, survey, treat and keep under custodial control and surveillance; that the State, its agents, servants and employees had actual or constructive notice of Sickler's rapist and homicidal tendencies, as well as knowledge of his propensities, his record of molestation, sexual perversion, deviation and sexual crime, as well as his assaultive and homicidal tendencies; that as a result of such failure and neglect to act it did thereby cause, permit and allow the murder of Kathleen M. Taylor; and that as a result of the State's negligence claimant suffered damages for injuries, pain and

880

suffering endured by Kathleen M. Taylor, as well as her death, she having left her father and mother as her only next of kin and dependents. Thus, the essential facts required to give notice have been stated (*Foley* v. *D'Agostino*, 21 A D 2d 60, 63) and the claim should not be dismissed or ordered amended since a cause of action is stated, the factual allegations are sufficiently particular to apprise the court and parties of the subject matter of the controversy and it does not appear that substantial rights of the State are prejudiced by defects in pleading (CPLR 3013, 3026; *Van Gaasbeck* v. *Webatuck Cent. School Dist.*, 21 N Y 2d 239, 245–246; *Holzer* v. *Feinstein*, 23 A D 2d 771, 772: 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.03; Practice Commentary by David D. Siegel, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3013, 1970–71 Supp., p. 98). After pointing out the State's duty, the claim asserts, among other things, a failure, omission and neglect to act and this specific is definitely more factual than the allegations of negligence in certain official forms adopted by the Judicial Conference under the authority of CPLR 107, which are directed by statute to "illustrate the simplicity and brevity of statement which the civil practice law and rules contemplate" (see McKinney's Forms, CPLR, §§4:48, 4:49). A method for securing amplification of the claim may be found in a demand for a bill of particulars (Court of Claims Act, § 9, subd. 9; cf. *Daukas* v. *Shearson, Hammill & Co.*, 26 A D 2d 526).