**SYLVIA ANETA HENRY, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 322-1973

District Court of the Virgin Islands

Div. of St. Croix

October 23, 1973

RUSSELL B. JOHNSON, Christiansted, St. Croix, V.I., *for plaintiff*

VERNE A. HODGE, Attorney General (by CURTIS E. TAR-TAR, ESQ., Deputy Assistant Attorney General), St. Thomas, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

This is an action for damages for wrongful death brought against the Government of the Virgin Islands pursuant to the Tort Claims Act, Title 33 V.I.C. § 3408. The Government has filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. I have reviewed the memoranda in support of and in opposition to dismissal and have concluded that the motion must be DENIED.

The principal ground upon which the Government bases its claim that the Court lacks subject matter jurisdiction is plaintiff's failure to verify the original complaint as required by Title 33 V.I.C. § 3410. This contention is not without substance as the act is clear in its requirement that claims be verified. However, it is my belief that dismissal under these circumstances would be an unjustly harsh consequence. The better course would seem to be to allow plaintiff to supplement the complaint with a verification. This solution is supported by Federal Rule of Civil Procedure 15's liberal approach toward amended and supplemental pleadings and affords the best opportunity to have the claim decided on its merits rather than on a procedural technicality. It should be emphasized that by permitting supplemental verification I do not intend to authorize careless disregard for the requirements of the Tort Claims Act. As I stated in my Memorandum Opinion in Richards v. Government of the Virgin Islands, Civil No. 20/1973 filed May 9, 1973, the Tort Claims Act is "relatively recent and unfamiliar to the Virgin Islands Bar," justifying some limited tolerance of procedural errors for a short time. In the future, however, the Court will be "considerably more reluctant" to excuse noncompliance with the provisions of the Act.

228

■ The second basis for defendant's motion to dismiss for lack of subject matter jurisdiction is that the complaint is deficient because it fails to allege compliance with the Tort Claims Act. While defendant may be correct in suggesting that such an allegation is required under a similar California statute, e.g., Williams v. Townsend, 283 F.Supp. 580, 584–85 (D. Cal. 1968), it is hard to see how this can be of any consequence in this jurisdiction. The simple fact is that our Tort Claims Act contains no such requirement and I am completely indisposed to read any further procedural technicalities into a law which seems already to contain enough.

■ Finally, the government argues that the complaint fails to state a claim upon which relief can be granted because it "does not state how the government breached a legally imposed duty to the decedent." It is my view that how (or whether) the government failed to perform a duty is not a question to be determined at this stage in the proceedings. The complaint alleges, in effect, that defendant was negligent in its custody of plaintiff's decedent. Such an allegation is sufficient to survive a 12(b)(6) motion under the liberal "notice" pleading required by the Federal Rules.

## ORDER

In conformance with the above Memorandum Opinion, it is hereby ORDERED that defendant's motion to dismiss be DENIED and that plaintiff be granted leave to supplement the complaint in this action with a verification as required by Title 33 V.I.C. § 3410.