RICHARD L. PATTERSON, Respondent, v STATE OF NEW YORK, Appellant.

Fourth Department, November 5, 1976

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz and Ruth Kessler Toch of counsel), for appellant.*

*James I. Meyerson* and *Thomas Hoffman* for respondent.

WITMER, J. The State appeals from an order of the Court of Claims granting claimant's motion "for an order amending the Notice of Intention to File Claim dated June 14, 1971, to read 'NOTICE OF CLAIM' ". The motion appears to have been made under section 1200.17 of the Court of Claims Rules of Practice, which at that time provided in subdivision (a), "Claims, counterclaims and replies may be amended upon order of the court or a judge thereof."

Section 10 of the Court of Claims Act provides in part: "No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim. * * *

"3. *A claim* to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, *shall be filed within ninety days after the accrual* of such claim *unless the claimant shall* within such time *file a written notice of intention to file a claim* therefor *in which event the claim shall be filed within two years after the accrual of such claim*" (emphasis added).

Claimant filed his notice of intention to file claim on June 14, 1971, and did nothing more in the matter until he moved on May 27, 1975 to amend the notice to have it constitute a claim. The application, therefore, was a direct effort to circumvent the above-quoted provisions of subdivision 3 of section 10 of the Court of Claims Act. There was nothing wrong with this effort, provided that the notice of intention actually complied with the basic requirements for a claim (see *Taylor v State of New York,* 36 AD2d 878, 879).

Section 11 of the Court of Claims Act provides in part, "The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same

matters except that the items of damage or injuries and the sum claimed need not be stated."

The Court of Claims ruled that the notice of intention to file claim complied essentially with the requirements of section 11 of the Court of Claims Act, and hence that it was within its power to amend the document by changing its label to notice of claim.

The State contends that the court erred in holding that the notice of intention embodied the requirements for a claim. The State does not question that the notice was sufficient as a notice of intention to file a claim, so as to extend claimant's time for two years after the accrual of the claim in which to file his claim, but urges that since claimant failed to file his claim within the two-year period, he cannot now file one, and cannot circumvent the statute by amending his notice of intention.

In its memorandum decision the Court of Claims noted that the State did not move to dismiss the notice of intention as though it were a claim, and stated that the issue as to whether it states a cause of action was not before the court. In his brief before us claimant urges that the notice alerted the State generally to the substance of the claim and that the State may ascertain the details by a demand for a bill of particulars and by examination before trial.

Since the notice of intention to file claim did not purport to be a claim, the burden could hardly be placed on the State to move to dismiss it as a claim; and it had no duty to ask for particulars before a claim was in fact filed. It would be pointless to adopt the practice indicated by the Court of Claims and permit the amendment of the title of the notice even if the document does not state a cause of action and hence does not constitute a valid notice of claim. Such proceeding would only lead to a further motion by the State to strike the claim as insufficient in law. The order, therefore, can only be sustained if it can be found that the notice of intention to file claim actually embodied all the necessary elements of a claim except for "the items of damage or injuries * * * and the total sum claimed" (Court of Claims Act, § 11).

An analysis of claimant's notice of intention to file claim shows that the time and place of some acts are alleged, to wit, claimant's commitment to Syracuse Psychiatric Hospital and Marcy State Hospital and his release and recommitment. The

notice adds that "[t]his claim is for personal injuries and mental anguish sustained by claimant and for medical expenses incurred in connection therewith, all of which resulted from the negligence of the State of New York", etc. The notice also contains the request that the defendants pay his claim for $500,000.

Thus, claimant has alleged injury due to defendant's negligence. He has not alleged in what manner he was injured nor how the State was negligent. Such allegations are essential to state a cause of action in negligence *(Gerdes v Reynolds,* 281 NY 180; *Schweitzer v Mindlin,* 248 NY 560; *Taylor v State of New York,* 36 AD2d 878, 879, *supra;* and see *Hosie v Phoenix Brewery Corp.,* 11 AD2d 636).

Were this an application to file the notice as a late claim, it would have to be denied for failure to state a cause of action *(Matter of Karras v State of New York,* 48 AD2d 748, mot for lv to app den 37 NY2d 708; *Chergotis v State of New York,* 259 App Div 369).

Reliance by claimant on *Chalmers & Son v State of New York* (271 App Div 699, affd 297 NY 690) is misplaced, for there concededly the notice of intention stated a cause of action and was held merely to have been mislabeled.

The order should, therefore, be reversed and the motion should be denied.

MARSH, P. J., MAHONEY, DILLON and GOLDMAN, JJ., concur.

Order unanimously reversed, without costs and motion denied.