Robert J. Mangum, J.
On April 26, 1977, the following papers, numbered 1 to 5 were read on motion for dismissal of the claim and on behalf of claimants for an order directing that the claim be deemed a notice of intention.

Upon the foregoing papers, the State’s motion to dismiss is granted and claimants’ motion to have the claim treated as a notice of intention is denied.
The instant application by claimants is a new twist on a recurring theme concerning the timeliness of filing. Rather than treat a notice of intention as a claim, the claimants, in order to avoid dismissal of the claim for failure to state a cause of action, seek to have the claim denominated a notice of intention. Generally a notice of intention enjoys immunity from attack because its service and filing is not synonymous with the commencement of a lawsuit. Compounding the mischief is the fact counsel for claimants set forth the nature of its now asserted potential claim on a form printed by Blumberg, Inc., and designed solely to facilitate the filing of claims pursuant to section 50-e of the General Municipal Law. The use of the form in this court has not had as salutary an effect; without fear of contradiction, its use has served more often as a source of confusion for the clerk than anything else.
The problem is in the use of the phrase "notice of claim” and the different meanings ascribed to the word "claim” as used in the form and in this court. The accrual of a claim in this court is not synonymous with the phrase cause of action accrued nor is a claim the same as a formal complaint. (Chartrand v State of New York, 46 AD2d 942; Bronxville Palmer v State of New York, 36 AD2d 647.) This subtle distinction finds appreciation only among the tutored members of the Bar.
A notice of claim in the General Municipal Law and a *267 notice of intention in the Court of Claims Act serve the same purpose; to give the defending public body adequate notice of the complained of events in order to properly investigate and prepare a defense. They are as much unalike, however, as they are alike. Under the General Municipal Law a "notice of claim” is a condition precedent to bringing an action or special proceeding against a public corporation. (General Municipal Law, § 50-e; former General Corporation Law, §§ 2, 3.) A formal complaint together with a summons is thereafter required. A party asserting a cause of action against the State of New York in the Court of Claims is denominated a claimant and suit is commenced with the filing and proper service of a claim instead of a summons (CPLR 311). The distinction should not be lightly regarded.
Those members of the Bar who are as concerned with the form and substance of procedure as they are with avoiding malpractice suits for failure to timely prosecute their client’s case would not be ill-advised to compare the differences between the relevant statutes. A proper understanding would obviate reliance on a form that is procedurally problematic.
The document which was received by the clerk as a claim and which claimants now purport to be a notice of intention contains numerous references to a "claim”. The closing paragraph incongruously states, however, that "unless the same (claim) is adjusted and paid within the time provided by law from the date of its presentation to you, it is the intention of the undersigned to commence an action thereon.” The use of the word "claim” and the above-referred quotation are not necessarily dispositive of the dispute. It is the intendment of a document as gleamed in its entirety and not what a party denominates the paper, which defines its nature. A claim by any other name is still a claim.
The questioned document contains all the requirements of a claim and in addition the following unequivocal language: "5. No Notice of Intention to File Claim has been filed or served and this claim is filed within ninety (90) days after the claim accrued, as required by law.” (Emphasis supplied.) The difference between a claim and a notice of intention is that in the latter the damage items or injuries and the sum claimed need not be stated. (Court of Claims Act, § 11.) Here they had been particularized.
Looking to the four corners of the document the clerk was correct in treating the instrument as a claim.
*268 Turning to the substance of the document, it does not allege a cause of action against the State though it vaguely describes the nature of the claim. Apparently the injuries occurred at a facility over which the State does not have control. The specific wrongdoing of the State is not set forth with any meaningful particularity. (See CPLR 3013.) Some identity of the State’s wrongdoing is required in a claim or a notice of intention, in order to satisfy the spirit of the statute’s purpose; affording the State an opportunity to investigate and preserve its defensive posture for some future time. At this juncture there is only a mere assertion of negligence. The instrumentality of wrongdoing is identified, broken glass in a hospital ward, but its relation to the State’s active or passive culpability is left suspended in a vacuum. (Patterson v State of New York, 54 AD2d 147.)
Treating the filed instrument as a claim would necessitate granting the State’s motion since there is a failure to state a cause of action. Deeming the instrument a notice of intention does not cure the defect. Were the document originally denominated as a notice of intention, it would probably not be the subject of attack as substantively insufficient because there would be nothing to dismiss. A notice of intention, as its name implies, is not the vehicle for commencing a lawsuit in this court against the State of New York. This tacit immunity that a notice of intention generally enjoys is not a basis for permitting the claim to now be so denominated. If the document fails to state a cause of action under its present appellation, characterizing it differently will not cure the lack of specificity or identity of the "nature of the claim” required by this court’s rules. The purpose of giving notice to the State would still be lacking. (Patterson v State of New York, supra.)
What is sought to be deemed a notice of intention should comply with this court’s content requirements for a notice of intention just as a notice of intention must comply with certain requirements before it can be deemed a claim.
It should not be incumbent upon the court to engage in legal gymnastics in order to justify preserving that which has been lost through ineffective pleading draftmanship. The court’s function is not that of a clinic healing the wounds of inarticulate and unskillfully framed pleadings.
Under our late filing rules the inability to identify the appropriate State agency or agent responsible for the injuries and the nature of the wrongdoing within the required time for *269 filing a claim or its substitute could possibly be the basis for excusing the untimeliness were a proper motion to be brought. In this case, however, the injured party is an infant and has until two years from the date of reaching her majority to file a claim. Therefore, there is no necessity, let alone legal basis for denominating the filed claim a notice of intention.