Robert J. Mangum, J.
This motion seeks an order to permit the late filing of a claim pursuant to subdivision 6 of section 10 of the Court of Claims Act.
The facts underlying this claim are succinctly stated in the proposed claim attached to the moving papers. On October 21, 1976 claimant was injured in a fall on steps that adjoined the Stage 12 Dormitory at the State University of New York at Stony Brook. The fall and resulting injuries are allegedly "due to the negligence of the State University of New York at Stony Brook in maintaining said steps.” (Proposed Claim, p 2.)
Shortly after being retained, counsel for claimant on December 30, 1976 served upon the university, the bane of this court’s filing requirements (see Bye v State of New York, 90 Misc 2d 265) a notice of claim pursuant to section 50-e of the General Municipal Law. Copies of the claim were mailed to the Chancellor and President of the University on March 1, 1977. Concededly the failure to file a claim or notice of intention in accordance with the Court of Claims Act was solely the result of the inadvertence of counsel.
The only grounds proffered by the State for denying the application is that the excuse is not reasonable. Counsel for the State cites appropriate authority for the proposition. (500 Eighth Ave. Assoc. v State of New York, 30 AD2d 1010; Hall v State of New York, 28 AD2d 1034.) These cases, however, were decided under the former late filing statute, subdivision 5 of section 10 of the Court of Claims Act. Under the predecessor statute claimant had to demonstrate a reasonable excuse for not filing within 90 days; that prior to the expiration of the 90 days after the claim arose, the State had actual knowledge of the essential facts constituting the claim; and the State was not substantially prejudiced by the delay in filing the claim. (McGaughy v State of New York, 55 AD2d 823.) The failure to *756 satisfy any one of these requirements was fatal to granting the relief. (De Marco v State of New York, 43 AD2d 786, affd 37 NY2d 735.) It was said, "[t]he requirements of subdivision 5 of section 10 are conjunctive and, therefore, failure to satisfy any one of them is fatal.” (Turner v State of New York, 40 AD2d 923; cf. Bommarito v State of New York, 35 AD2d 458; Crane v State of New York, 29 AD2d 1001.)
Under prior law the State’s limited opposition would have been sufficient to defeat the present motion. Since the enactment of subdivision 6 of section 10 (L 1976, ch 280, eff Sept. 1, 1976) the harsh and confining aspects of the previous rule no longer exist. (Kelly v State of New York, 57 AD2d 320; Sessa v State of New York, 88 Misc 2d 454, 458.)
This court, too, now adds its voice to the death knell of that procedural malady which previously made fiction of the Court of Claims discretion in matters concerning late filing applications.
The new statute requires that "the court shall consider, among other factors” (emphasis supplied) the enumerated considerations. (Court of Claims Act, § 10, subd 6.) Since the "requirements are no longer cast in absolute terms” (Kelly v State of New York, supra, p 327), the reasonable excuse criteria is divisible from the other requirements. Therefore, while an attorney’s inadvertence may not be an acceptable excuse for the delay in filing the claim within the 90-day mandated period, a reasonable basis for exercising the court’s discretion can be found after considering the other appropriate factors.
In this context, there is not sufficient indicia to grant the present application. The claim states a cause of action predicated solely on mere conclusory statements unsupported by factual allegations. (Taylor v State of New York, 36 AD2d 878, 879.) While the claim states claimant was injured by falling on steps, how the State was negligent is not satisfied with a general allegation of negligence in maintaining the steps. (Patterson v State of New York, 54 AD2d 147.) The particular act or omission constituting negligent maintenance must be alleged (Carmody-Wait 2d, NY Prac, § 29:347) in order to show a meritorious claim and give the State an opportunity to investigate.
In accordance with the foregoing the motion to permit late filing of the claim is denied without prejudice to the renewal thereof upon proper papers.