**ALVIN O. McBEAN and OLGA McBEAN, Plaintiffs**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, VIRGIN ISLANDS HOUSING AUTHORITY, and DEMCO HOUSING CORPORATION, Defendants**

Civil No. 1066/1981

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 18, 1983

ALEXANDER A. FARRELLY, ESQ., St. Thomas, V.I., *for plaintiffs*

SUSAN BRUCH, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant Government of the Virgin Islands*

RICHARD H. HUNTER, ESQ., Christiansted, St. Croix, V.I., *for defendant Demco*

ROBERT L. KING, ESQ., St. Thomas, V.I., *for defendant V.I.H.A.*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

Where a person has filed an unverified notice of intention to file a tort claim against the Government without specifying the nature of the claim, and without later filing a formal claim, have the requirements of the Virgin Islands Tort Claims Act been met? The court believes they have not and will grant the Government's motion to dismiss.

██ By enacting the Virgin Islands Tort Claims Act, the Government of the Virgin Islands waived its sovereign immunity to tort actions, and prescribed a specific procedure for filing tort claims against it. 33 V.I.C. § 3408 et seq., Act No. 3128, Sess. L. 1971, p. 366.

> No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:
>
> . . .
>
> (c) a claim to recover damages for injuries to property or for personal injury . . . shall be filed within ninety days after the accrual of such claim . . . .

33 V.I.C. § 3409(c). Alternatively, a claimant may file a written notice of intention to file a claim, or a "notice", within 90 days after the accrual of the claim. Id. The claim "shall state the time when and the place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed." 33 V.I.C. § 3410. The notice must state the same items as the claim, except that "the items of damage or injuries need not be stated." Id. Thus, to comply with the law, the notice requires four items:

1. A statement as to when the claim arose;
2. A statement as to where the claim arose;
3. A statement as to the nature of the claim, and
4. A verification.

In this case, the claim allegedly arose on November 27, 1979. Plaintiffs contend, and it is not contested, that they filed their notice on January 21, 1980, well within the statutory 90-day limit. The plaintiffs signed the verification of the notice, but in an apparent oversight they failed to have a notary public sign and affix his seal to the document. Thereafter, they filed no formal claim, and now urge the court to deem the notice to be the claim itself. Before reaching the plaintiffs' contention, however, the court must determine

whether, even if the notice were deemed to be the claim, it meets the requirements of the statute.

## VERIFICATION OF NOTICE

■ The plaintiffs devote considerable energy to convincing the court that the lack of a notarization should not prejudice their notice. In Henry v. Government of the Virgin Islands, 10 V.I. 227 (D.V.I. 1973), the District Court refused to dismiss a Tort Claims Act "complaint" because it was unverified. This court believes, as did the court in Henry, that "[t]he better course would be to allow plaintiff to supplement the complaint [or notice of claim] with a verification." Id. at 228. That does not, however, end the court's inquiry as to the notice.

## THE NATURE OF THE CLAIM

The notice in its entirety states:

> PLEASE TAKE NOTICE that the claimant, ALVIN O. McBEAN and OLGA McBEAN, by and through their attorneys, BIRCH, deJONGH & FARRELLY (Alexander A. Farrelly, Esq. of counsel), hereby file this Notice against the Government of the Virgin Islands to recover damages for real and personal property damage, loss of use and enjoyment, and mental anguish.

> The claim arose on November 16, 1979, in the area of claimants' home, located at Lot No. 16 Block E, Parcel No. 129, A-10, Estate Anna's Retreat, commonly known as Estate Tutu. The claim shall be for damages in the amount of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00).

■ In determining whether this notice is statutorily sufficient, it must be noted that the Virgin Islands Tort Claims Act of 1971 ("V.I.T.C.A.") was born of mixed parentage: the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2402, and 2674, and the New York Court of Claims Act ("N.Y.C.C.A."), 29A Pt. 2 McKinney's Laws, §§ 8–12. See Dublin v. Virgin Islands Telephone Corp., 15 V.I. 214, 220–22 (Terr. Ct. 1978). The overwhelming majority of the Tort Claims Act, though, was modeled after the N.Y.C.C.A. Id. at 222. Except for a portion of one sentence describing the circumstances in which the Virgin Islands Government waives its liability to tort actions, the Act is modeled after the N.Y.C.C.A. Id.[1] Accordingly,

---

[1] 33 V.I.C. § 3408 reads:

The Government of the Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect *to injury or loss of prop-*

386

decisions of the highest court of New York interpreting the statute before the enactment of the V.I.T.C.A. control this court's interpretation of the relevant sections. Berkeley v. West Indies Enterprises, Inc., 10 V.I. 619, 625, 480 F.2d 1088, 1092 (3d Cir. 1973); Paiewonsky v. Paiewonsky, 8 V.I. 421, 446 F.2d 178 (3d Cir. 1971); Williams v. Dowling, 4 V.I. 465, 318 F.2d 642 (3d Cir. 1963); Dublin v. Virgin Islands Telephone Corp., 15 V.I. 214, 221 (Terr. Ct. 1978). Decisions of New York courts after the enactment of the Act are persuasive, but they are not controlling.[2] See Cirino v. Hess Oil Virgin Islands Corp., 9 V.I. 518, 184 F.Supp. 621 (D.V.I. 1973); Dublin at 222.

New York law for years has declared that the purpose of requiring the filing of a notice of intention to file a claim, or the claim itself, as a condition precedent to the institution of a suit is "not to hamper and harass the claimant but to give the officers of the State prompt notice of the damages or injuries and the surrounding circumstances in order that the matter might be investigated and the State's liability determined." Harvey Chalmers & Sons, Inc. v. State, 271 A.D. 699, 68 N.Y.S.2d 827, 830 (1947), aff'd 297 N.Y. 690, 77 N.E.2d 8 (1947), cited with approval in Heisler v. State, 78 A.D.2d 767, 433 N.Y.S.2d 646 (1980); Williams v. State, 28 A.D.2d 1174, 284 N.Y.S.2d 562 (1967); Anrad Construction Corp. v. State, 47 Misc.2d 998, 263 N.Y.S.2d 454 (Ct. Cl. 1965), and Emanuele v. State, 43 Misc.2d 135, 250 N.Y.S.2d 361 (Ct. Cl. 1964). In determining the sufficiency of a notice of intention "[t]he statute should

---

*erty or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.* The Government consents to have this liability determined in accordance with the same rules of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter.

The italicized language, except for the reference to the Virgin Islands Government, is identical to 28 U.S.C. § 1346(b). However, the remainder of the section—that is, that portion that is not italicized—is virtually identical to § 8 of the New York Court of Claims Act. Dublin at 222.

[2] Insofar as Pickering v. Government of the Virgin Islands, 19 V.I. 271 (D.V.I. 1982) (Christian, J.) adopts the holding of Dublin with respect to parentage of the V.I.T.C.A., the court need not address the broad assertion in Konopka v. Government of the Virgin Islands, Civil No. 174/73, slip op. at 2 n.2 (D.V.I., Div. St. T. & St. J., February 1, 1974), where Judge Warren H. Young said, "I do not agree with defendant's proposition that New York decisional law controls the construction of the V.I.T.C.A."

receive a reasonable construction and not one that unjustly deprives a suitor of the right to recover adequate compensation for the damages he has sustained. A substantial compliance is all that is required." Harvey Chalmers & Sons, Inc., supra, 68 N.Y.S.2d at 830. Nevertheless, the notice of intention and the claim must provide enough information to enable the government to make an investigation in order to determine if the claim should be settled without suit. Id.; Anrad Construction Corp. v. State, 263 N.Y.S.2d at 468, and Emanuele v. State, 250 N.Y.S.2d at 365.

New York law also recognizes that a notice of intention to file a claim may be treated as a claim when it alleges all the necessary elements of a claim except for the items of damages or injury. Patterson v. State, 54 A.D.2d 147, 388 N.Y.S.2d 420 (1976). The issue, then, is whether plaintiffs' notice meets these minimal requirements. A recent New York case addressing the question of what constitutes an adequate description of the "nature of the claim" held:

> What is required is not absolute exactness, but simply a statement made with sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances. The statement must be specific enough so as not to mislead, deceive, or prejudice the rights of the State.

Heisler v. State of New York, 78 A.D.2d 767, 433 N.Y.S.2d 646, 648 (N.Y. App. Div. 1980). "Conclusory or general allegations that fail to adduce the manner in which the claimant was injured or how the State was negligent do not meet the requirements of the statute." Id.; Patterson v. State of New York, 54 A.D.2d 147, 388 N.Y.S.2d 420, 421–22 (1976).

In one case a claimant, who injured her wrist as a result of a fall, filed the following notice of a claim:

> On May 7, 1977, I was at the State University College at Buffalo . . . for a conference . . . . Between approximately 8:30 and 9:00 a.m., I was descending a curb behind the Health Building when my heel caught on a deteriorated area and I fell forward breaking my right wrist on impact.

DeHart v. State of New York, 92 Misc.2d 631, 401 N.Y.S.2d 417, 419 (Ct. Cl. 1977). Reviewing the sufficiency of the notice the court said:

> Glaringly absent from the paper denominated "PROPOSED NOTICE OF INTENTION TO FILE CLAIM" is any allegation

or legal theory upon which the cause of action can be considered to have been stated. There is nothing in the notice that alleges any act or omission attributable to an agent or employee of the State of New York, which can be said to have caused the deteriorated condition of the curb upon which claimant fell. Nor is there any indication in the paper of a legal theory (e.g. negligence, strict liability, intentional tort) upon which the putative claim is based. Although the precise wording of Section 11 does not appear to require that a claim state a valid cause of action, the cases are clear that without such a statement a claim is legally deficient and subject to fatal attack. [Citations omitted.]

 Examination of the plaintiffs' notice,[3] which was prepared with the benefit of counsel, reveals no factual allegations of any acts or omissions by any government employee or agent. Indeed, it makes no reference to any identifiable department or unit of the Government of the Virgin Islands that is allegedly responsible for the claimed injury. Moreover, although it indicates that plaintiffs intend to seek recovery "for real and personal property damage, loss of use and enjoyment, and mental anguish," it suggests no legal theory upon which they rely. Without some statement connecting the plaintiffs' injuries with any specific acts or omissions by a government employee or agent, the government has not been given the information the statute requires, and the notice was not made "with sufficient definiteness to enable the [Government] to be able to investigate the claim promptly and to ascertain its liability under the circumstances." Heisler v. State of New York, 433 N.Y.S.2d at 648. Consequently, the court concludes that the description of the nature of the claim was insufficient,[4] and the Government's motion to dismiss will be granted.

---

[3] Text, p. 3, supra.

[4] In so holding the court need not determine whether the contents of the notice was sufficient to "state a claim" under Fed. R. Civ. P. 12, as that issue is not before the court and involves consideration of an entirely different test.