Patricia ALBERT, Errol Albert

v.

ABRAMSON'S ENTERPRISES, INC. Government of the Virgin Islands.

Appeal of GOVERNMENT OF the VIRGIN ISLANDS.

No. 85–3236.

United States Court of Appeals, Third Circuit.

Argued April 28, 1986.

Decided May 20, 1986.

As Amended May 23, 1986.

---

Maria M. Cabret (argued), Christiansted, St. Croix, Virgin Islands, for appellees.

Jacqueline A. Drew (argued), Office of the Atty. Gen., Dept. of Law, St. Thomas, Virgin Islands, for appellant.

Before HUNTER, WEIS and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

The sole issue raised in this appeal is whether the filing of a complaint constitutes the filing of a "claim" within the meaning of the Virgin Islands Tort Claims Act, 33 V.I.C. § 3401 *et seq.* (Equity 1967 & Supp.1985). Finding that adequate notice was provided by the filing of the complaint, we hold that the statutory requirements were met and, therefore, will affirm the judgment of the district court.

### I.

On March 2, 1984, a school bus owned by Abramson's Enterprises, Inc. (Abramson) and driven by an Abramson employee struck and injured Errol Albert in the schoolyard of the Pearl B. Larsen School. The Abramson Company was under contract with the government to provide bus transportation for the school children.

On March 19, 1984, a complaint was filed alleging negligence on behalf of the bus company in the operation of the bus and negligence on behalf of the government for failing properly to supervise the children awaiting to board the bus. A copy of the complaint was served upon the Office of the Governor on March 20, 1984, and the Governor acknowledged in writing the receipt of the complaint on March 21, 1984. A copy of the complaint was also served upon the Office of the Attorney General on March 29, 1984.

In its Answer the government represented that the district court did not possess subject matter jurisdiction, noting that the plaintiff had failed to comply with the filing provisions of the Virgin Islands Tort Claim Act. The district court rejected the government's argument with regard to jurisdiction.

After a non-jury trial, the court found in favor of plaintiff and against both defendants and awarded the amount of $13,-739.00, assessing liability at 60% for the government and 40% for Abramson.[1]

### II.

The government argues that because the plaintiff failed to comply with the procedural filing requirements of the Virgin Islands Tort Claim Act, the district court improperly denied its motion to dismiss the case. Specifically, the government contends that the plaintiff's filing of a complaint did not constitute the filing of a proper claim within the meaning of the Tort Claims Act.

This precise issue has not previously been addressed by our court. We turn, then, to the statute itself. In interpreting the provisions of any statute, we begin with the language of the statute, for it is presumed that " 'the legitimate legislative purpose is expressed by the ordinary meaning of the words used' " *Barnes v. Cohen,* 749 F.2d 1009, 1013 (3d Cir.1984), *citing Richards v. United States,* 369 U.S. 1, 9, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962). Additionally, we are to look to the entire statute as well as to its object and policy. *Ideal Farms, Inc. v. Benson,* 288 F.2d 608, 613 (3d Cir.1961), *cert. denied,* 372 U.S. 965, 83 S.Ct. 1087, 10 L.Ed.2d 128 (1963).

---

1. Abramson is not a party in the present appeal

Under the provisions of the Tort Claims Act, the Government of the Virgin Islands waives its immunity from tort liability and "consents to have its liability determined in accordance with the same rules of law as applied to actions in the courts of the Virgin Islands against individuals and corporations: Provided, that the claimant complies with the provisions of this chapter." 33 V.I.C. § 3408.

Sections 3409 and 3410 of the Act outline the claim filing requirements. Section 3409(c) provides for the filing of a "claim" or "notice of intention" and sets forth the appropriate time limitations for filing. In pertinent part this section reads as follows:

§ 3409. *Time of filing claims and notices of intention to file claims.* No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:

(c) a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

Section 3410 indicates that the claim or notice of intention must be filed with the Office of the Governor, and a copy served upon the Attorney General. Moreover, it sets forth the required substantive contents of the claim or notice of intention. This section provides as follows:

§ 3410. *Filing, service and contents of claim or notice of intention.*

The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same, and

items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.

The territorial and district courts of the Virgin Islands have given a broad reading to the purpose for requiring the filing of a claim or a notice of intention. According to case law the purpose is "not to hamper and harass the claimant but to give the officers of the state prompt notice of the damages or injuries...." *McBean v. Government of the Virgin Islands,* 19 V.I. 383, 387 (Terr.Ct.1983). The filing requirement is also viewed as necessary to avoid prejudice to the government in its investigation of the claim and its assessment of liability. *Id.* at 387. *See also Van Patten v. Alexis,* 19 V.I. 265, 268 (D.V.I.1982).

Although the precise issue of whether a complaint may serve as a claim under the Tort Claims Act where the complaint meets all of the filing and notice requirements prescribed in the Act has not been addressed by the courts in the Virgin Islands, there is dicta in one case which indicates that the statute should be construed to allow a complaint to constitute a claim. In *Pickering v. Government of Virgin Islands,* 19 V.I. 271 (D.V.I.1982), although the claimant filed her civil action within the two-year statute of limitations contemplated by the Act, she had failed, however, to file timely her administrative "claim" in accordance with Sections 3409 and 3410. The claimant argued that the timely filing of the lawsuit was the functional equivalent of the filing of a claim for purposes of the Tort Claims Act. The claimant had not, however, served the complaint upon the Governor as required by the Act and so, unlike the present case, all of the notice and filing requirements of the Act had not been met. Commenting favorably upon the use of a complaint, the district court in *Pickering* said:

Although service of a summons and complaint may not suffice as a 'claim' within the definition of the Act, it would nevertheless seem unnecessarily harsh to dismiss a timely filed lawsuit against the Government where there has been substantial compliance with the administrative prerequisites and where prompt notice of the claim to those Government officials designated by the Act to be notified has thereby been accomplished.

■ In this case, the plaintiff did not file a claim or a notice of intent as those items are identified in the statutory scheme, but did file a timely complaint which contained all of the necessary notice elements. In compliance with Section 3410, paragraphs 5 and 6 of the complaint recited the time and place of Albert's injuries; paragraphs 6, 9 and 12 contained factual allegations identifying the nature of Albert's claim; paragraphs 6, 10 and 13 alleged the injury to Albert; the ad damnum clause of the complaint identified the total amount of damages claimed, and the final page of the complaint offered a verification of the facts by Albert's mother. In compliance with section 3410, the complaint was served upon the Office of the Governor and upon the Attorney General within ninety days of the incident. Moreover, the Governor acknowledged receipt of the complaint in writing. Given these factors, it is clear that the notice function of the Act has been fulfilled; the government cannot be said to have been hampered in its investigatory pursuit in the case or in its assessment of liability.[2]

■ We, therefore, conclude that where a complaint is timely filed under the Tort Claims Act with the proper parties having been served and contains all of the necessary substantive requirements—which include a statement as to when the claim arose, a statement as to where the claim arose, a statement as to the nature of the claim and items of damage or injuries as well as the sum claimed, and a verification—the complaint suffices as a "claim" under the meaning ascribed to that term in the Tort Claims Act. This holding is in accord with the interpretation given by the territorial and district courts of the Virgin Islands to the underlying purpose for requiring the filing of a claim or a notice of intention under the Tort Claims Act.

### III.

Accordingly, we affirm the judgment of the district court entered on April 11, 1985.

---

2. At oral argument, the defendant contended that the purpose of the claim requirements of sections 3409 and 3410 is to encourage settlement of disputes without litigation. The defendant failed, however, to point to any administrative mechanism of the Virgin Islands government for prelitigation settlement of claims. Accordingly, we do not find defendant's contention sufficiently persuasive to overcome the arguments in favor of our holding.