■ LORENTZ W. HANSEN, Appellant, v CARL VERGARI et al., Respondents.—In an action to recover damages, *inter alia,* for various intentional torts, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Buell, J.), entered November 20, 1987, as dismissed the 11th and 12th causes of action asserted in his complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly determined that the plaintiff's 11th and 12th causes of action, which alleged that during the period from May 26, 1986 through June 6, 1986, the defendants had employed undercover agents to spy on and to seduce the plaintiff and placed a wiretap on his telephone, were predicated solely on mere conclusory statements, unsupported by factual allegations *(Taylor v State of New York,* 36 AD2d 878; *DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236).

Indeed, a review of the plaintiff's testimony at his depositions, which were held pursuant to General Municipal Law § 50-h, clearly demonstrates that the plaintiff's allegations in the 11th and 12th causes of action of the complaint are based on pure conjecture *(cf., Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636). Mangano, J. P., Lawrence, Kunzeman and Eiber, JJ., concur.