■ P & L PROPERTY COMPANY, Respondent, v MASSARO DETROIT DIESEL ALLISON, INC., Defendant, and PETE 'N' LARRY'S, INC., Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: A building owned by plaintiff, P & L Property Company, was damaged by fire and plaintiff's insurer paid plaintiff for the damages. Under the name of plaintiff, the insurer, claiming subrogation, then sued Pete 'N' Larry's, Inc., the lessee, and Massaro, a contractor who repaired a generator in the building, for negligently causing the fire. Defendant Pete 'N' Larry's, Inc. moved to dismiss the complaint on the ground that the lessor, P & L Property, had waived its right to sue for damages caused by the negligence of the lessee or of other persons, and also on the ground that the complaint failed to state a cause of action. Supreme Court

denied the motion. We agree with Supreme Court that defendant failed to establish as a matter of law its defense that the lessor, P & L Property, waived its right to sue defendants for negligently damaging the building, but we conclude that the complaint against Pete 'N' Larry's should be dismissed, without prejudice, for failure to state a cause of action.

The lease between plaintiff and defendant Pete 'N' Larry's, Inc. provided that "each of the parties * * * waives, to the extent of its insurance coverage, any claim for loss or damage to its real and personal property located at or within the Center resulting from all risks, negligently caused by the other party, its agents, contractors, employees, and invitees. However, it is understood: (a) that such waiver shall not be effective as to any insurer whose policy of insurance does not authorize such waiver." Thus, under the terms of the lease, plaintiff did not waive its right to sue defendant lessee for negligently damaging the building unless the policy insuring the building authorized such waiver. The policy of insurance issued by Commercial Union Insurance Company to plaintiff, P & L Property, provided:

"(a) In the event of any payment under this policy, the Company shall be subrogated to all the insured's rights of recovery against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

"(b) The Company shall not be bound to pay any loss if the insured has impaired any right of recovery for loss; however it is agreed that the insured may:

"(1) as respects property while on the premises of the insured, release others in writing from liability for loss prior to loss, and such release shall not affect the right of the insured to recover hereunder, and

"(2) as respects property in transit, accept such bills of lading, receipts or contracts of transportation as are ordinarily issued by carriers containing a limitation as to the value of such goods or merchandise."

These provisions, which are the only provisions in the policy with regard to subrogation, do not authorize the waiver or release of the right of the insured to sue defendant for damages to the insured premises. Subdivision (b) (1) permits the insured to release others from liability with respect to "property while on the premises of the insured". This paragraph refers not to the premises themselves, which were

damaged in this case, but to movable property while on the premises. This interpretation is fortified by subdivision (b) (2), which refers to "property in transit". Thus, because there is no provision in the policy authorizing plaintiff, P & L Property, to waive or release its right to sue the lessee, plaintiff is not precluded from maintaining the lawsuit by any provision of the lease or of the insurance policy.

Nevertheless, the complaint in this action must be dismissed as against defendant Pete 'N' Larry's, Inc. for failure to state a cause of action. The complaint, in conclusory fashion, alleges that the "fire occurred as a result of the negligence, carelessness and fault of the defendants", but, with respect to Pete 'N' Larry's, it fails to allege any facts supporting that conclusion. A cause of action cannot be predicated solely on conclusory allegations of negligence unsupported by factual allegations *(Parker Chapin Flattau & Klimpl v Daelen Corp.,* 59 AD2d 375, 378; *Taylor v State of New York,* 36 AD2d 878, *lv denied* 33 NY2d 937; *Shaw v Village of Hempstead,* 11 AD2d 789). (Appeal from order of Supreme Court, Erie County, Francis, J. —dismiss complaint.) Present—Boomer, J. P., Green, Pine, Balio and Lawton, JJ.