Daniel FARASH, Plaintiff–Appellant,

v.

CONTINENTAL AIRLINES, INC., Defendant–Appellee.

No. 08–3439–cv.

United States Court of Appeals, Second Circuit.

July 2, 2009.

William R. Connelly, Mendham, N.J., for Plaintiff–Appellant.

Christopher D. Thomas, Nixon Peabody LLP, Rochester, N.Y., for Defendant–Appellee.

PRESENT: Hon. ROGER J. MINER, and Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Daniel Farash appeals from a judgment dismissing for failure to state a claim his complaint alleging negligence, gross negligence, and civil assault against Defendant–Appellee Continental Airlines, Inc. ("Continental"), arising out of Plaintiff–Appellant's alleged mistreatment on Continental flight 539 from Miami to Newark. Because the complaint is before us on appeal from the grant of a motion to dismiss for failure to state a claim, we accept the facts alleged in the complaint as true. *Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 180 (2d Cir.2008). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Plaintiff–Appellant's ticketed seat on the flight in question was an aisle seat of the bulkhead row in the first-class cabin. According to the complaint, shortly before departure, a Continental Airlines flight attendant required Plaintiff–Appellant to move to a "bastardized claustrophobic window seat that did not recline nor have proper leg room" and that "was qualitatively inferior to most other seats on the entire plane." Compl. ¶ 17, *in* J.A. at 6. The stated reason for moving Plaintiff–Appellant was that the airline needed to accommodate a father and his child aged twelve or younger. However, Plaintiff–Appellant disputes this reason. He believes that the passenger in the seat adjacent to his new seat was either a Continental Airlines executive or a federal air marshal and that the flight attendant profiled him based on his "Semitic looks and a middle eastern last name." Compl. ¶ 19, *in* J.A. at 7.

At some point during the flight, the flight attendant allegedly called the "air marshal" over to her, after which the marshal "engaged in several seconds of direct eye contact" with Plaintiff–Appellant. Compl. ¶ 33, *in* J.A. at 9. Plaintiff-appellant alleged that he had "to use all his self-control to maintain his composure to avoid a panic or anxiety attack," and that he believed that the flight attendant was engaged in a deliberate course of conduct "to abuse plaintiff and compromise the safety of all" passengers. *Id.* Aware that a federal air marshal had fatally shot a passenger on another flight that had departed from Miami only weeks earlier, "plaintiff was fearful and anxious of an investigation which would culminate in his being detained, scrutinized or worse." Compl. ¶ 37, *in* J.A. at 10. When the flight was over, another flight attendant reportedly apologized to Plaintiff–Appellant for the first attendant's actions, but Plaintiff–Appellant's subsequent complaints to Continental's management met with nothing more than "lip service," culminating in a lengthy interview with a Continental representative who finally informed the Plain-

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

tiff–Appellant that Continental assumes no responsibility. As a result of this conduct, Plaintiff alleges that he has suffered emotional distress, sleeplessness, shock, hypertension, reduced productivity, and a relapse of a post traumatic stress disorder he suffered three years ago.

We affirm the district court's judgment of dismissal. Plaintiff–Appellant's allegations, even if true and evaluated under the forgiving standard generally applied to pro se litigants, do not make out the elements of the torts asserted. Because both parties appear to agree "that New York cases are controlling, we shall assume that New York law governs this diversity action." *Stagl v. Delta Airlines, Inc.,* 52 F.3d 463, 467 (2d Cir.1995).

"In order to establish a prima facie case of negligence under New York law, a claimant must show that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach." *Id.* (citing *Solomon v. City of New York,* 66 N.Y.2d 1026, 1027, 499 N.Y.S.2d 392, 489 N.E.2d 1294 (1985)).

On his negligence claim, Plaintiff–Appellant asserted four duties: (1) "Defendant has a duty to hire, train and supervise their flight attendants ... giving due consideration to the climate and circumstance post '9[/]11' including but not limited to, the presence of Federal Air [Marshals] on Continental flights...." Compl. ¶ 57, *in* J.A. at 14; (2) "Defendant owed all of [its] customers similarly situated as plaintiff a duty to provide as stress free a flight environment including flight attendant service as is reasonable...." *Id.* ¶ 58; (3) "Plaintiff, by virtue of purchasing a first class ticket[,] was entitled to a higher standard of accommodations and service...." *Id.* ¶ 60; and (4) "Defendant owed a duty to its passengers [of providing] an effective

mechanism for the reporting and addressing of customer complaints relating to the conduct of Continental flight attendants...." *Id.* ¶ 64, *in* J.A. at 15.

We agree with the district court, however, that New York law neither imposes a duty, as a matter of tort law, to provide "as stress free a flight environment" as reasonably possible, nor imposes in tort any other duties Plaintiff–Appellant alleged. Moreover, to the extent that the complaint attempted to allege a violation of Continental's duty to protect passengers' safety, we find that the conclusory allegations in the complaint are insufficient, as a matter of law, to suggest that Continental breached this duty. Although we recognize that the question of whether given conduct was "reasonable" under the circumstances is often reserved for the trier of fact, *see Stagl,* 52 F.3d at 470–71, the plaintiff is required to allege "in what manner he was injured [and] how the [defendant] was negligent." *Patterson v. New York,* 54 A.D.2d 147, 388 N.Y.S.2d 420, 422 (App.Div.1976); *cf. Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (alteration in original)). Plaintiff–Appellant's complaint fails to meet these requirements. Since the claim for negligence is inadequate, moreover, the claim for gross negligence necessarily fails as well.

The complaint also fails adequately to allege the elements of assault. "An 'assault' is an intentional placing of another person in fear of imminent harmful or offensive contact." *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.,* 994 F.2d 105, 108 (2d Cir.1993). Plaintiff's complaint alleged that he "was put in the

immediate apprehension of physical harm" because of the flight attendant's "interactions with the [purported federal air marshal]," Compl. ¶ 81, *in* J.A. at 18, which consisted of moving him near the marshal and "other body language" that caused "plaintiff [to] reasonably believe[ ] he was the object of scrutiny," *id.* ¶ 77. Such vague allegations of improper "body language" do not constitute an assault under New York law, absent allegations of circumstances that would induce a reasonable apprehension of bodily harm.

Finally, Plaintiff–Appellant's brief on appeal argues that the complaint should be read as raising "claims for intentional infliction of emotional distress, negligent infliction of emotional distress and discrimination." Appellant's Br. at 15. These claims were not adequately briefed on appeal, however, as there was little or no discussion of them other than the statement that the claims were "suggest[ed]" by the complaint below. Consequently, we regard the arguments as to these claims as waived. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir.2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We have considered all of Plaintiffs–Appellants' remaining contentions in this appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court dismissing the complaint is AFFIRMED.