GEORGE H. T. DUDLEY, LOUIS HOFFMAN and JOSEPH
McGOWAN

v.

ALEXANDER MEYERS, ELIZA GEORGE, UTAH LINDO,
ROBERT L. CHENEY, MARGARET M. CHENEY
and GOVERNMENT OF THE VIRGIN ISLANDS
GEORGE H. T. DUDLEY, Appellant No. 17580
LOUIS HOFFMAN, Appellant in No. 17581
JOSEPH McGOWAN, Appellant in No. 17582

Nos. 17580, 17581 and 17582

United States Court of Appeals

Third Circuit

Argued November 6, 1969

Decided March 13, 1970

GEORGE H. T. DUDLEY, ESQ., Charlotte Amalie, St. Thomas,
Virgin Islands, *for appellants in all cases*

WILLIAM A. PALLME, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, SEITZ and STAHL, *Circuit Judges*

OPINION OF THE COURT

MARIS, *Circuit Judge*

These are appeals by the plaintiffs from a judgment of the District Court of the Virgin Islands dismissing their action which had sought a decree removing from their title to Parcel No. 1 of Estate Friise, No. 13 Coral Bay Quarter, on the island of St. John, the cloud created by certain conveyances made by or to the defendants, and confirming their title to that parcel of land.

To fully understand the issues which these appeals present certain background facts must be kept in mind. In early Danish times the rural parts of the islands of St. Thomas, St. John and St. Croix were divided into large tracts of land for agricultural purposes called "estates". Each estate was given a distinctive name by which it was known and by which ordinarily it was conveyed and otherwise dealt with. In each island numbers of estates were grouped together in insular geographical subdivisions known as "quarters". Many, if not most, of these estates are no longer intact, having been subdivided and resubdivided over the years into smaller and smaller parcels of land. Nonetheless, the use of the original estate name has been almost universally continued to designate the geographical area which it formerly covered and in which the present subdivided parcels of it are situated. Thus, the plaintiffs' land is known as Parcel No. 1 of Estate Friise, No. 13[1] Coral Bay Quarter, St. John.

---

[1] In this case "No. 13" signifies that Estate Friise is the 13th estate of Coral Bay Quarter according to the ancient Danish numeration.

The territorial system for recording of deeds and other instruments affecting the title to land in the Virgin Islands has always been based upon the use of the estate, in rural areas, as a geographical unit. Thus, the indices in the recorder of deeds' office of the recorded deeds and other instruments affecting the title to particular parcels of land are arranged by estate names rather than alphabetically by grantors' and grantees' names. Each estate has a page or pages assigned to it in which are listed chronologically notations of and references to the place of record of the recorded deeds and other instruments conveying or otherwise affecting the title to all the parcels of land situated within its former boundaries which are described as subdivisions of that estate. This recording system resembles the Torrens System in some respects although without the assurance of judicial registration of title which that system provides. Under the Virgin Islands system the descriptive use of the name of the former estate in which a parcel of land lies is obviously of primary importance in dealing with or affecting the title to that parcel of land as well as in searching the records with respect to it.

In the case before us the facts as found by the district court and as disclosed by the overwhelming weight of the evidence are these:

In the southeastern part of Coral Bay Quarter of the island of St. John were two estates, Estate Friise, No. 13 of the Quarter, and, adjoining it on the south, Estate John's Folly, No. 14 of the Quarter. Each of these estates fronted on the sea and the old coastal road ran through each of them in a general southerly direction on its course from Coral Bay to Lameshur on the south coast of St. John. It is a dispute as to the location of that portion of the boundary line between the two estates which

runs from the old public road to the sea which is at the bottom of the present controversy.

One of the difficulties in the case is that while both Estates Friise and John's Folly had boundaries which were well known to the older inhabitants of the area no surveys of either estate which precisely defined their common boundary are known prior to a 1960 survey of Estate Friise to which reference will be made later.

The records in the Recorder of Deeds' office indicate that on June 4, 1897 James and Maria Christina Duvergee conveyed Estate Friise (said to contain 75 acres) to Maximian and Gustave Bornn. On January 8, 1912 Maximian conveyed his one-half interest to Gustave. On June 8, 1927 Gustave and Rosita Bornn conveyed Estate Friise, inter alia, to Herman O. Creque, and on January 14, 1945 Herman O. and Emily Creque conveyed the estate, inter alia, to Fritz Allen Smith, who gave an option to the plaintiffs on October 12, 1956 to purchase the upper portion of Estate Friise, approximately 20 acres, and a portion of Estate John's Folly, approximately 8 acres, the latter presumably being Parcels 14G (6 acres) and 14H (2 acres) of that estate which he had acquired from Herman O. and Emily Creque by deed November 5, 1947. Smith died on January 20, 1957 before the option was exercised.

In December 1960 Lucy Smith, widow of Fritz Allen Smith, filed an action to quiet title in the district court, division of St. Thomas and St. John, at Civil No. 294-1960, entitled "Lucy Smith and other heirs of Fritz Allen Smith, deceased, plaintiffs, vs. 54.9 acres of land and all persons owning or claiming an interest in 54.9 acres of Estate Friise, No. 13 Coral Bay Quarter, St. John, V.I., as more particularly described herein, defendants." The complaint filed in that action prayed that the plaintiff's title to Estate Friise be quieted by reason of their adverse

possession thereof for more than 15 years and that they be declared the owners thereof. The complaint described the estate by metes and bounds in accordance with a survey which had been made by N. O. Wells, a St. Thomas surveyor, on December 16, 1960. This survey indicated that Estate Friise contained 54.9 acres, more or less, and that it included in its southernmost part adjoining Estate John's Folly an area of about six acres lying between the old public road and the sea which the defendants claim to be a part of Parcel 14I of Estate John's Folly belonging to them and which is here in controversy. In that case one Cynthia Miller, daughter of the present defendant Eliza George, appeared by counsel for herself "and her relatives", but interposed no defense. No one else appeared and the court on August 14, 1961 decreed Lucy Smith and the other heirs of Fritz Allen Smith to be the owners of the 54.9 acres of Estate Friise as described in the complaint and shown by the Wells survey. The decree was recorded in the office of the Recorder of Deeds and indexed under Estate Friise. No mention was made in those proceedings of Estate John's Folly, or any of its subdivisions, except as adjoining property and the decree was not indexed under Estate John's Folly.

On July 31, 1961 Wells made a survey of a proposed subdivision of a portion of Estate Friise, designated Parcel No. 1, comprising the southwesterly portion of the estate and consisting of 27.3 acres, more or less. The southeasterly portion of Parcel No. 1 as shown by the Wells survey, lying between the old public road and the sea and consisting of about six acres, comprises the area in dispute which the defendants claim to be a part of Parcel 14I of Estate John's Folly. On December 21, 1961 the district court entered an order in the probate proceedings in the Estate of Fritz Allen Smith, deceased, authorizing the conveyance of Parcel No. 1 of Estate Friise

to the plaintiffs pursuant to the option agreement of October 12, 1956. In anticipation of this order Lucy Matthias Smith, individually and as executrix of the estate, conveyed Parcel No. 1 of Estate Friise, as described in the Wells survey of July 31, 1961, to the plaintiffs by deed dated November 8, 1961. It is upon the decree of August 14, 1961 and the title acquired through this deed that the plaintiffs rely to sustain their claim.

One further complication should be mentioned. It appears that Parcels 14G (6 acres) and 14H (2 acres) of Estate John's Folly were acquired by Gustave Bornn many years ago from A. L. or Sara James and Henrietta Jensen, respectively, and were in turn conveyed by him and his wife to Herman O. Creque by their deed of June 8, 1927. As we have already indicated, Herman O. Creque and his wife conveyed these two parcels of Estate John's Folly to Fritz Allen Smith by deed dated November 5, 1947. However, no reference to Parcels 14G and 14H of Estate John's Folly appears in the district court proceeding and decree of August 14, 1961 or in the subsequent deed from Lucy Matthias Smith to the plaintiffs, although, as we have seen, a reference to the sale of 8 acres of Estate John's Folly as well as 20 acres of Estate Friise does appear in the option agreement of October 12, 1956 between Fritz Allen Smith and the plaintiffs. It does appear from the testimony, however, that Sara James and Henrietta Jensen each lived, many years ago, in houses situated on the northwest side of the old public road in what the plaintiffs now claim as their property and describe as Parcel No. 1 of Estate Friise. This parcel adjoins on its southwestern side what is admittedly a part of Estate John's Folly and it may well be that these two parcels of land, having been incorporated by the plaintiffs' predecessors in title into Estate Friise, were ignored as separate parcels in the Wells survey and in the conveyance to the

plaintiffs. Surveyor Wells testified in this connection that "I never found Parcels 14G and H that belonged to Mrs. Smith . . . I never found where they are."

We turn then to the disputed tract of six acres which lies between the old public road and the sea in the southeasternmost portion of what the plaintiffs claim as Parcel No. 1 of Estate Friise and which the defendants claim as part of Parcel 14I of Estate John's Folly. The recorded title to Parcel 14I begins with a deed from D. Evans and others to Henry James dated July 28, 1871. Henry James was drowned at sea in 1891. It appears from the undisputed evidence and the district court found that the disputed tract was occupied by Johanna James, the widow of Henry James, from 1891 until her death on November 1, 1935. There she lived amidst a large family of children and grandchildren; there she cultivated a garden, and there she was buried. On the tract near where her house stood is a well which is known locally as the John's Folly Well. The northeast boundary of the disputed tract on which Johanna James lived follows an ancient fence running on a direct line from a small rocky islet in the sea called "Almond Rock" to an ancient hardwood post on the side of the old public road. The overwhelming weight of the evidence is that this line is a part of the ancient boundary between Estates Friise and John's Folly and that the disputed tract which lies to the southwest of it had always been a part of Estate John's Folly.

All of the defendants claim to derive their title to the various subdivisions of Parcel 14I of Estate John's Folly from Johanna James. Defendant Alexander Meyers is her grandson; defendant Eliza George is the widow (since remarried) of the late Sandford Meyers, another grandson. Defendant Utah Lindo is her great granddaughter. Defendants Robert L. Cheney and Margaret M. Cheney are grantees of Alexander Meyers of a parcel

of the land in controversy and defendant the Government of the Virgin Islands is a grantee from Alexander Meyers and Eliza George of a strip of land through the parcel for the relocation of a part of the old public road, an improvement which has since been completed.

In February 1964 Alexander Meyers and Eliza George filed a complaint in an action to quiet title in the district court, division of St. Thomas and St. John, at Civil No. 78-1964, entitled "Alexander Meyers and Eliza George, Petitioners, vs. All persons having or claiming an interest in and to Parcel 4i John's Folly, St. John, V.I., Respondents." The complaint alleged that Alexander Meyers and Sandford Meyers had purchased Parcel 4i of John's Folly from Johanna James in 1919, that the instrument of transfer had been destroyed in the hurricane of 1924 before it was recorded, that Sandford Meyers had died in 1957 and Eliza George was his widow and that Alexander Meyers, Sandford Meyers and Eliza George had been in possession of the property since 1919. The complaint sought a decree declaring Alexander Meyers and Eliza George, widow of Sandford Meyers, to be the owners of Parcel 4i. After a hearing at which no respondents appeared, the court entered a decree on October 20, 1964 declaring the title to Parcel 4i to be vested in Alexander Meyers and Eliza George. The number of the parcel as stated in that proceeding was obviously incorrect since Estate John's Folly on the records is estate No. 14 of Coral Bay Quarter, not No. 4. The petitioners accordingly moved to amend the complaint and decree to designate the parcel in question as Parcel 14I of John's Folly and the court on December 15, 1964 filed an amended decree declaring that title to Parcel 14I, John's Folly, St. John, was vested in Alexander Meyers and Eliza George. On July 19, 1965 a survey was made by Sydney A. Baptiste, a St. Thomas surveyor, at the request of those defendants, subdividing Parcel 14I into four par-

cels, a new Parcel 14I of 1.73 acres, a Parcel 14IA of 1.54 acres, a Parcel 14IB of 1.73 acres, and a Parcel 14IC of 0.314 acres. By a series of conveyances made in 1965 title to new Parcel 14I became vested in defendant Alexander Meyers, to Parcel 14IA in defendant Utah Lindo, to Parcel 14IB in defendant Eliza George, and to Parcel 14IC in defendant Utah Lindo. In addition, in that year a strip of land through the tract containing 0.37 acre was conveyed by Alexander Meyers and Eliza George to the Government of the Virgin Islands for the relocation of the old public road. Finally, by deed dated April 24, 1967 Alexander Meyers conveyed the new Parcel 14I of Estate John's Folly of 1.73 acres to the defendants Robert L. Cheney and Margaret M. Cheney.

■ It is the primary contention of the plaintiffs in this case that their predecessor in title, the Estate of Fritz Allen Smith, deceased, obtained title to the disputed tract by the decree of the district court entered August 14, 1961 in the proceeding brought by Lucy Smith to quiet the title to Estate Friise and that that decree barred the defendants from claiming it as part of Parcel 14I of Estate John's Folly. The district court refused to accept this contention and, we think, rightly. For service by publication in a proceeding brought solely to quiet the title to Estate Friise and which did not mention Estate John's Folly except as an adjoiner, was certainly not calculated, particularly in view of the Virgin Islands recording practice, to bring home notice to those whose sole interest was in land in Estate John's Folly that they might be affected by the suit. No notation of the suit or decree appeared in the Recorder of Deeds' index for Estate John's Folly. As the district court correctly said: "While the judgment of this Court in Civil No. 294-1960 quieted title in the heirs of Fritz Allen Smith, that action cannot be said to be binding on the present litigants for it is clear that adequate notice

to them was lacking. Having always considered their claims to be over land located in Estate John's Folly, they could not be expected to inquire when an action was brought concerning lands denominated as lying within Estate Friise."

The plaintiffs argue that the appearance of Cynthia Miller, the daughter of defendant Eliza George, for herself "and her relatives" in the 1961 proceeding operated to make the adjudication of the district court in that proceeding binding upon the present defendants. We do not agree. For Cynthia Miller is not a party here and there is not a shred of evidence to indicate that she was authorized by her relatives, defendants Alexander Meyers and Eliza George, to appear for them.

Moreover, even if we were to hold, which we do not, that the defendants Alexander Meyers and Eliza George were put on notice to defend their claim to Parcel 14I of Estate John's Folly by the published notice of the 1961 proceeding and were, therefore, bound by the decree in that proceeding, it would follow, by the same token, that the plaintiffs here were put on notice to defend their claim to the disputed tract by the published notice of the 1964 proceeding. That being so, under an application of the rule applied in Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, the 1964 decree, being later in time, would be controlling to the extent that it was inconsistent with the 1961 decree. See Restatement, Judgments § 42.

■■ So far as the 1964 decree held that Alexander Meyers and Eliza George were owners of Parcel 14I of Estate John's Folly and the 1961 decree held that the Estate of Fritz Allen Smith, deceased, was the owner of the adjoining Estate Friise there was no inconsistency between the two decrees. But, as we have seen, the real controversy between the parties is not as to ownership of their respective parcels of land but rather as to the loca-

tion of the boundary line between them. In a suit to determine the location of a boundary line the parties defendant should include all persons whom the plaintiffs can ascertain to be interested as landowners. Watkins v. Childs, 1907, 80 Vt. 99, 66 A. 805; Cady v. Kerr, 1941, 11 Wash. 2d 1, 118 P.2d 182, 137 ALR 713 and annotation; 12 Am. Jur. 2d Boundaries § 95. In 1960 the records in the Recorder of Deeds' office showed Johanna James, widow of Henry James, as the owner of Parcel 14I of Estate John's Folly. Therefore, having died in 1935, her heirs or at least the two of them who claimed title, would have had to be joined as defendants in the 1961 proceeding in order to empower the court by its decree in that proceeding to determine the disputed boundary question. Due process of law calls for no less. It is thus clear that the 1961 proceeding brought against "all persons owning or claiming an interest in 54.9 acres of Estate Friise, No. 13 Coral Bay Quarter" was not an appropriate vehicle for the litigation of the boundary question even if it had brought that question into focus, which it did not.

Since the defendants are not bound by the decree entered in the 1961 proceeding they were free in the present proceeding to controvert the finding of the court in that case that Fritz Allen Smith and his heirs had held adverse possession of Estate Friise since 1927, so far at least as that finding relates to the disputed tract which they claim and which the Wells survey included in Estate Friise. And this they did. The district court so found and the finding is supported by the great weight of the evidence which established that this tract was owned and occupied by Johanna James until her death in 1935 and by her descendants thereafter and that it was never occupied by Fritz Allen Smith, his widow, or the plaintiffs.

The plaintiffs' other contention is that the defendants do not have good title to the land in controversy.

483

They question the efficacy of the 1964 decree to confirm the title to Parcel 14I of Estate John's Folly. This contention they base upon the ground that the parcel was incorrectly denominated Parcel 4i in the complaint and decree in the 1964 proceeding and that the amended decree describing it correctly as Parcel 14I came too late to bind the respondents. We are inclined to think that the error was obvious and, therefore, harmless in view of the well known fact that 14, not 4, was the proper number to be used in describing parcels of Estate John's Folly, which has been denominated from early Danish times as estate No. 14 of Coral Bay Quarter. But this is, in any case, immaterial to the determination of the present controversy since it is a settled rule that in an action to quiet title the plaintiffs must rely upon the strength of their own title and not upon the weakness of that of the defendants. Gwillim v. Donnellan, 1885, 115 U.S. 45; 44 Am. Jur. Quieting Title § 83. As the court said in Hopkins v. Slusher, 1936, 266 Ky. 300, 98 S.W.2d 932, 108 ALR 662, "A sufficient answer to that contention is that plaintiff has no interest in the land if he himself does not own it, and it is no concern of his as to who the court determined was its true owner."

■ Since the plaintiff failed to establish their own title to the parcel of land in controversy the district court did not err in dismissing their complaint in which they sought to have their claimed title to that parcel as a part of Parcel No. 1 of Estate Friise confirmed by the court and the defendants' deeds stricken from the record.

The judgment of the district court will be affirmed.

Judge Stahl participated in the hearing and decision of this case but died before the opinion of the court was filed.