## GLORIA FRANCOIS McGOWAN, PAUL HOFFMAN, and JANE HOFFMAN WALKER, Plaintiffs

### v.

## INEZ MATTHIAS HODGE, CYNTHIA MILLER, and all other persons claiming an interest in the property known and described as Parcel No. 14-I Estate John's Folly, Coral Bay Quarter, St. John, United States Virgin Islands, Defendants

Civil No. 340/1988

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 16, 1992

MARIA T. HODGE, P.C., St. Thomas, V.I., *for plaintiffs*

CHARLOTTE POOLE DAVIS, ESQ., St. Thomas, V.I., *for defendants*

CHRISTIAN, *Senior Sitting Judge*

### OPINION

The instant lawsuit has its roots in the District Court of the Virgin Islands case of Dudley et al. vs. Meyers et al. (Civil No. 279-1967) ("the D.C. Case"). In that case, the issue was whether the parcel of

land known and described as Estate John's Folly No. 14-I, Coral Bay Quarter, St. John, Virgin Islands ("the original 14-I"),[1] belonged to the Plaintiffs, the predecessors in interest of the Plaintiffs in the case sub judice, as part of Estate Friise No. 1, Coral Bay Quarter, St. John, Virgin Islands, P.W.D. No. D9-294-T61, containing 27.3 acres, as surveyed by N.O. Wells on July 31, 1961, and conveyed to them by Lucy Smith, Executrix of the Estate of Fritz Allen Smith (Probate No. 10-1957, District Court) by deed dated November 8, 1961, or whether this disputed parcel was rightfully owned by the Defendants in that case, who included Alexander Meyers and Eliza George ("Meyers and George"), predecessors in interest of Inez Matthias Hodge and Cynthia Miller, the two named Defendants in the instant action.[2] Both the District Court and the Court of Appeals for the Third Circuit identified the issue as including the area of the original 14-I, the disputed parcel, six acres, more or less, Dudley v. Meyers, 7 V.I. 472 (1970) at Page 479 ("Dudley"); the location of the disputed parcel, "the southeasterly portion of Parcel No. 1 Estate Friise as shown by the Wells survey, lying between the old public road and the sea", id. at 477; the boundary line between the original John's Folly 14-I and Estate Friise No. 1, "the boundary follows an ancient fence running on a direct line from a small rocky islet in the sea called 'Almond Rock' to an ancient hardwood post on the side of the old public road", id. at 479; and who the rightful owners of the disputed area, the original 14-I, are, the Defendants and not the Plaintiffs in Dudley, id. at 483, affirming the Judgment of the District Court dismissing the case of Plaintiffs' predecessors in interest, to remove the cloud created by Defendants in that case asserting ownership in them of the original 14-I.

---

[1] We will call this parcel "the original 14-I" for the reason that in time (the Sydney Baptiste subdivision of 1965), this parcel was subdivided, and one of the subdivisions thereof was also denominated Parcel No. 14-I ("Parcel 14-I No. 2"). While the original parcel had an area of six acres, more or less, Parcel 14-I No. 2 had an area of 1.73 acres. The other subdivisions were 14-IA, 1.54 acres; 14-IB, 1.73 acres; 14-IC, .314 acre; and an unnumbered strip granted to the Government of the Virgin Islands for relocation of the old public road, containing 0.37 acre.

[2] The other defendants in the D.C. case were Utah Lindo, Robert L. Chaney, Margaret M. Chaney, and the Government of the Virgin Islands. Since the Courts ruled below, and on appeal, in favor of all the defendants as to all the land in dispute, the original 14-I, that ruling ended the interest of the defendants, all the defendants, including Meyers and George in the matter in dispute, to the time of the decision on appeal in the Third Circuit; i.e., March 13, 1970.

As a result of the decision in Dudley, the area of Estate Friise No. 1 was reduced by the six acres, more or less, ownership of which was adjudicated to the Defendants by both the District Court and the Court of Appeals in Dudley,[3] and is now as depicted on Plaintiffs' Exhibit No. 6, the area northwest of the public road.

Because Dudley reduced the area of No. 1 Estate Friise of the Plaintiffs from its original 27.3 acres in the Wells survey by the approximate six acres, the Plaintiffs retained the services of a licensed surveyor to mark the new boundaries of their property, the remainder of No. 1 Estate Friise, to depict on the land its reduced size. They allege, and we find, that the appearance of the surveyor and his assistant(s) on the remainder of Estate Friise No. 1, which they traditionally called "Say Cay" or "Sakke", caused the Defendants, who honestly believed that this remainder also was their property, to become very upset; and they and/or persons acting in concert with them harassed the surveying team and warned them not to return to the property to complete their employment for the Plaintiffs. Plaintiffs also allege, and we find, that Defendants and/or persons acting for or in concert with them, again in the honest belief that they were the rightful owners of the remainder of Estate Friise No. 1, erected a fence about 15 to 30 feet in the remainder of Estate Friise No. 1 and placed two "No Trespassing" signs on Plaintiffs' property.

As a result of these trespasses of Defendants on the remainder of Estate Friise No. 1 and their other disturbing conduct mentioned above, Plaintiffs commenced the instant action, praying for a permanent injunction and compensatory damages.

Defendants filed an Answer generally denying the allegations of the Complaint, and alleging the affirmative defense that at all times mentioned in the Complaint Defendants and/or members of their family owned and occupied the property where the fence and "No Trespassing" signs described in the Complaint are located, and that the fence and "No Trespassing" signs were situated on Defendants' property prior to the filing of the Dudley v. Meyers case, Civil No. 67/279, which Plaintiffs lost in the District Court and which decision was affirmed by the Court of Appeals.

Defendants also filed a two-count Counterclaim. In Count I, they alleged that it is the Plaintiffs and their agents who are the tres-

---

[3] Hereafter, we will describe this reduced area as "the remainder of Estate Friise No. 1".

passers on Defendants' adjoining property; that they tampered with or removed bound posts, stakes and other boundary markers on Defendants' property; and that Plaintiffs wilfully and/or negligently damaged Defendants' fence and property.

In Count II, Defendants alleged that the boundaries between their property, Estate John's Folly 14-I, and Plaintiffs' property, Estate Friise No. 1, were adjudicated by the Court of Appeals for the Third Circuit, and Plaintiffs' claim of trespass runs counter to said prior adjudication; that Defendants, their ancestors and other members of their family have "owned, occupied and adversely possessed all the land and grazed their animals within the bounds of the fence and the area where the 'No Trespassing' signs appear for more than one hundred years"; and that therefore Plaintiffs' actions constitute continued harassment and have caused Defendants loss of income and emotional and mental distress. Defendants therefore prayed for dismissal of Plaintiffs' Complaint; for compensatory damages in the amount of $75,000.00, for punitive damages in the sum of $25,000.00; for a permanent injunction against further trespassing, harassment, damages and interference; for costs and attorney's fees; and for such other relief as the Court deems just and proper.

At this juncture, the Court was called upon to decide the following issues:

1. What factors, if any, became res judicata as a result of Dudley?

2. Subsequent to Dudley, did the Defendants so possess any part of the remainder of Estate Friise No. 1 as to have regained ownership thereof pursuant to 28 V.I.C., Section 11 as claimed in their Counterclaim?

3. Did Plaintiffs commit actionable trespass on any land belonging to the Defendants,whether the original 14-I John's Folly, or otherwise?

4. Did Defendants commit actionable trespass on the remainder of Estate Friise No. 1, entitling Plaintiffs to a permanent injunction and award of damages, and, if so, what damages?

In addressing each of the aforesaid issues, we shall deal with the land in question in two categories: first, "the original 14-I John's Folly land and Estate Friise No. 1 land" which were dealt with in Dudley; and, second, "other land of the Defendants"—Part A and Part B.

■ As a threshold matter, Defendants moved in the instant action to dismiss the case on the ground that all the Defendants in

this action were not served and therefore they cannot be bound by the decision in Dudley. We must point out to Defendants that Dudley is a completely different case to the case sub judice. Dudley was a case to remove a cloud from Parcel No. 1 Estate Friise. In that case all the Defendants were known and their only contention, that they, and not Plaintiffs, owned the disputed parcel of the original 14-I John's Folly, was upheld by the Court, and they were granted title to the entire parcel. Therefore, while Defendants were adjudicated to be the rightful owners of the six-acre disputed parcel, the Plaintiffs were adjudicated to be the rightful owners of the remainder of Estate Friise No. 1, approximately 23 acres. While the present action is also an action in tort, unlike the 1967 action in which the Defendants were all known, all those who may be tortfeasors in the instant action have never been known by the Plaintiffs. For that reason in response to Defendants' Motion to Dismiss on the ground that Plaintiffs failed to name all the tortfeasors as parties defendant, Plaintiffs invited Defendants to reveal the names of any persons they believed should be parties to the action, but Defendants failed to name anyone. As Plaintiffs stated in Answer to the Motion to Dismiss, because there may be other tortfeasors whom Plaintiffs have not made parties to the action, if Plaintiffs were to recklessly implead persons in the action as tortfeasors, Plaintiffs would be exposing themselves to FRCP 11 sanctions and imposition of costs as well. Moreover, since all tortfeasors are in law jointly and severally liable for the tort the fact that all tortfeasors are not named parties in the action is no ground for dismissal of the action. See Restatement of Torts (Second) Sections 875, 876 and 878. For these reasons, we denied the Motion to Dismiss the case.

## A. THE ORIGINAL 14-I JOHN'S FOLLY LAND AND ESTATE FRIISE NO. 1 LAND, ADJUDICATED IN DUDLEY

1. As a result of the Dudley case, and as we stated in our Interlocutory Opinion of January 2, 1992, we hold that the following matters became res judicata: the area of the original 14-I John's Folly; the location of this parcel; the boundary line between the original 14-I John's Folly and the adjoining Estate Friise No. 1 parcel; the ownership of the original 14-I John's Folly; and the reduced area of Estate Friise No. 1, all as hereinabove more specifically mentioned.

2. We find that Defendants have not proved by a preponderance of the evidence that they established and maintained the uninter-

rupted, exclusive, actual, physical, adverse, continuous, notorious possession of any part of the Plaintiffs' property, the remainder of Estate Friise No. 1, under color or claim of title for 15 years or more since March 13, 1970, the date of the Opinion of the Court of Appeals for the Third Circuit affirming the decision of the District Court in Dudley et al. vs. Meyers et al., declaring Plaintiffs' predecessors in interest to be the rightful owners of the remainder of Estate Friise No. 1. See 28 V.I.C., Section 11 and Dudley v. Meyers, 7 V.I. 472.

3. We find that Defendants have not proved by a preponderance of the evidence that the Plaintiffs trespassed on any lands owned by the Defendants in Estate John's Folly No. 14-I, or elsewhere. The Court is somewhat confused by the fact, and deems it ironical, that in response to its request made to the parties at the close of the trial to submit proposed Findings of Fact and Conclusions of Law, Defendants in proposed Findings of Fact Nos. 14 through 17, on Pages 4 and 5, asked the Court to find that "Say Cay" or "Sakke", as they and their ancestors traditionally called Plaintiffs' property, No. 1 Estate Friise, is the property of the Defendants, but in their proposed Conclusion of Law No. 2, on Page 7, that "[p]laintiffs are the legal owners of Parcel No. 1 Estate Friise . . ."

4. We find that Defendants did commit actionable trespass on Plaintiffs' land, the remainder of Estate Friise No. 1, but we also find that Plaintiffs have not proved by a preponderance of the evidence that they suffered any actual or real, substantial and just damages, as distinguished from nominal damages. See ACTUAL DAMAGES: "Real, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury, as opposed on the one hand to 'nominal' damages, and on the other to 'exemplary' or 'punitive' damages". Ross v. Leggett, 61 Mich. 445, 28 N.W. 695. 1 Am.St.Rep. 608; Gatzow v. Buening, 106 Wis. 1, 81 N.W. 1003, 48 L.R.A. 475; Osborn v. Leach, 135 N.C. 628, 47 S.E. 811, 66 L.R.A. 648; Winans v. Chapman, 104 Kan. 664, 180 P. 266, 267. Synonymous with 'compensatory damages' and with 'general damages'. Ringgold v. Land, 212 N.C. 369, 193 S.E. 267, 268; News Leader Co. v. Kocen, 173 Va. 95, 3 S.E.2d 385, 391, 122 A.L.R. 842; Anderson v. Alcus, Tex.Civ.App., 42 S.W.2d 294, 296. Black's Law Dictionary (Revised Fourth Edition) at Page 467.

## B. LAND OTHER THAN THE ORIGINAL 14-I JOHN'S FOLLY LAND AND ESTATE FRIISE NO. 1 LAND ADJUDICATED IN DUDLEY

In their Counterclaim, Defendants aver, albeit not too clearly, that Plaintiffs may have trespassed on land owned by them in John's Folly other than the approximate six acres of the Wells map awarded to them in Dudley, which is the original John's Folly 14-I and the remainder of Estate Friise No. 1, ownership of which Dudley adjudicated to Plaintiffs. If indeed this is their contention, the evidence is woefully lacking as a sufficient basis to justify a finding of the Court to this effect. It has not been made clear to the Court just what "other land" they may be talking about and precisely what actionable trespasses were committed by any of the Plaintiffs.

Based on the aforesaid Findings, we conclude as a matter of law:

■ 1. That Plaintiffs are entitled to a permanent injunction against Defendants, their agents, employees, servants, attorneys and all other third parties acting on their behalf or pursuant to their instructions or directions or otherwise in concert with them from trespassing on the remainder of Estate Friise No. 1, Coral Bay Quarter, St. John, Virgin Islands;

■ 2. That Plaintiffs are entitled to an award of nominal damages for past trespasses of Defendants on the remainder of Estate Friise No. 1, Coral Bay Quarter, St. John, Virgin Islands;

3. That Plaintiffs are entitled to an award of reasonable costs of the action pursuant to 5 V.I.C., Section 541; and

4. That the Counterclaim of Defendants shall be dismissed with prejudice.

Decree will be entered accordingly.

### DECREE

This case came on for trial on February 11 and 12, 1992, on several material issues of fact which could not be disposed of in the Court's ruling on the Motion of Plaintiffs for Summary Judgment. Plaintiffs appeared in person and by their Attorneys, Hodge and Francois (Maria T. Hodge, P.C., of counsel). The Defendants appeared in person and by their Attorney, Charlotte Poole Davis, Esquire. The Court heard the testimony of the parties and their witnesses and received in evidence such other pertinent proofs as were offered by them, and having issued an Interlocutory Opinion granting Plaintiffs Summary Judgment in part, dated January 2,

1992, and having made findings of fact and conclusions of law on even date herewith which are filed herein, and being fully advised and satisfied in the premises, it is hereby

ORDERED, ADJUDGED AND DECREED:

1. That the holdings of the Court in its Opinion granting partial Summary Judgment dated January 2 and 28, 1992, are incorporated herein;

2. That the Defendants, their agents, employees, servants, attorneys and all other third parties acting on their behalf or pursuant to their instructions or directions or acting in concert with them are hereby permanently enjoined, restrained and prohibited from trespassing on the remainder of Parcel No. 1 Estate Friise, Coral Bay Quarter, St. John, Virgin Islands, that is, that parcel of land delineated, appearing, shown and described on Survey Map D9-294-T61, prepared by N.O. Wells, dated July 31, 1961, minus the six acres, more or less, contained in John's Folly No. 14-I, Coral Bay Quarter, St. John, Virgin Islands, also referred to herein as the original Parcel 14-I John's Folly, Coral Bay Quarter, St. John, Virgin Islands, and as appears on Plaintiffs' Exhibit No. 6, Hamilton's Survey, dated March 20, 1987, entitled "Boundary Survey Showing Parcel No. 1 Estate Friise, No. 13A Coral Bay Quarter, St. John, U.S. Virgin Islands, Job No. 1578", which shall now be considered the legal description of Parcel No. 1 Estate Friise, Coral Bay Quarter, St. John, U.S. Virgin Islands;

3. That Plaintiffs are hereby granted nominal damages of six dollars ($6.00);

4. That Plaintiffs shall be granted costs on presentation of Fee Affidavit; and

5. That the Counterclaim of the Defendants is hereby dismissed with prejudice.