**INEZ MATHIAS HODGE, CYNTHIA MILLER, AND ALL OTHER PERSONS CLAIMING AN INTEREST IN THE PROPERTY KNOWN AND DESCRIBED AS PARCEL NO. 14-I, ESTATE JOHN' S FOLLY, CORAL BAY QUARTER, ST. JOHN, UNITED STATES VIRGIN ISLANDS, Appellants**

**v.**

**GLORIA FRANCOIS MCGOWAN, PAUL HOFFMAN, and JANE HOFFMAN WALKER, Appellees**

D.C. Civ. App. No. 2003-137

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 17, 2006

HERBERT MURIEL, ESQ., St. Thomas, U.S.V.I., *For the Appellants*.

MARIA TANKENSON HODGE, ESQ., St. Thomas, U.S.V.I., *For the Appellees*.

FINCH, *Chief Judge, District Court of the Virgin Islands*; GOMEZ, *Judge of the District Court of the Virgin Islands*; and STEELE, *Judge of the Superior Court of the Virgin Islands, Sitting by Designation.*

## MEMORANDUM OPINION

(August 17, 2006)

The appellants, Inez Mathias Hodge, Cynthia Miller, and others [collectively "Hodge"] appeal the decision of the Superior Court denying their claim that they adversely possessed certain land in St. John and finding instead that Hodge had trespassed upon the land of the appellees Gloria Francois McGowan, Paul Hoffman, and Jane Hoffman Walker [collectively "McGowan"].

## I. FACTS

This case dates back to a 1960's dispute over land in St. John. The procedural history of this case has been laid out adequately in this Court's previous decision on this matter. *See Hodge v. McGowan*, 29 V.I. 142, 143-6 (D.V.I. App. Div. 1993) [hereinafter *"Hodge I"*] (stating the facts of the case). An entire recitation of the facts is therefore not necessary, and what follows is only a brief overview of the facts pertinent to this appeal.

In 1961, George Dudley, Louis Hoffman, and Joseph McGowan [collectively "Dudley"], the predecessors in interest to McGowan, purchased land on St. John, denominated Parcel 1 Estate Friise ["Parcel 1"]. *Id.* at 143. Parcel 1 was adjacent to land in the neighboring Estate John's Folly. *Id.* In 1964, Alexander Meyers and Eliza George [collectively "Meyers"], the predecessors in interest to Hodge, filed an action in the District Court of the Virgin Islands to quiet title to Parcel No. 14I Estate John's Folly ["Parcel 14I"]. Meyers sought a decree from the court that Parcel 14I belonged to Meyers. "After a hearing at which no respondents appeared, the court entered a decree on October 20, 1964 declaring the title to [Parcel 14I] to be vested in [Meyers]." *Dudley v. Meyers*, 422 F.2d 1389, 1393, 7 V.I. 472 (3d Cir. 1970). Meyers then subdivided Parcel 14I into four parcels, which he designated Parcel Nos. 14I, 14IA, 14IB and 14IC of Estate John's Folly. *Id.* These parcels were subsequently conveyed to various parties.

In 1967, in response to the conveyances of the subdivided lots of the original Parcel 14I, Dudley filed an action against the owners of Parcels 14I, 141A, 14IB, and 14IC in the District Court. Dudley sought a decree that part of Parcel 14I was actually part of Dudley's Parcel 1. The District Court dismissed Dudley's complaint, and held that the disputed

land was part of the original Parcel 14I, not Parcel 1. This decision was affirmed by the United States Court of Appeals for the Third Circuit. *See Dudley*, 422 F.2d at 1395.

In 1980, McGowan contracted for a survey of Parcel 1. The surveyors found a fence and "No Trespassing" signs located in an area to be surveyed abutting Estate John's Folly. On a later visit, a woman, later identified as the appellant Cynthia Miller, approached the surveyors and told them not to return to the property. *Hodge I*, 29 V.I. at 145.

McGowan subsequently brought a trespass action against Hodge in the Superior Court. *Hodge I*, 29 V.I. at 145-46. Hodge filed a counterclaim alleging that McGowan had trespassed on Hodge's land, which Hodge alleged she had acquired through adverse possession. Following a bench trial in 1992, the Superior Court affirmed the boundaries of the parcels as the *Dudley* court had determined. It also found that Hodge had trespassed on McGowan's land, for which the court awarded McGowan nominal damages. Finally, the trial court enjoined Hodge from entering McGowan's property, and determined that Hodge had not proved her claims of adverse possession and trespass. *Id.*

In 1993, this Court affirmed the trial court's determination of the boundaries between Parcel 1 and Parcel 14I, but remanded the matter "for findings of fact and conclusions of law on the claims of adverse possession and trespass." *Id.* at 157. The trial judge who had rendered the original decision retired before this Court's decision. In a footnote, this Court noted that "a new trial must be held." *Id.* at 154, n.15.[1]

In 2001, this matter was transferred to a new judge of the Superior Court. The judge certified his familiarity with the case and entered findings of fact and conclusions of law on the adverse possession and trespass claims. *Mcgowan v. Hodge,* Civil No. 84-1998 (Terr. Ct. July

---

[1] This footnote states, in pertinent part:

Because the trial court judge who adjudicated this matter has since retired, a new trial must be held. We adopt the view of the Third Circuit, which under similar circumstances stated:

It is particularly unfortunate that this case cannot now be concluded for the ... attorneys' fees will continue to mount as this litigation ... is compelled to proceed. But we are a reviewing court which has been given too little to review and the conclusion of this litigation must await another day.

*Hodge I*, 29 V.I. at 154 n.15. (citing *Scalea v. Scalea's Airport Serv., Inc.*, 833 F.2d 500, 503 (3d Cir. 1987)).

13, 2003). The trial court did not conduct a new trial. On July 13, 2003, the Superior Court issued a decision in which it concluded that Hodge had not adversely possessed Parcel 1. The Court also found that Hodge had trespassed on McGowan's land, and ordered Hodge to pay McGowan nominal damages. *Id.* at 17. Hodge timely appealed.

Hodge argues that the trial court committed a reversible error by not conducting a new trial on remand. In addition to violating this Court's order, Hodge contends that the decision not to hold a new trial violated Federal Rule of Civil Procedure 63. Second, Hodge argues that the trial court erred in failing to address whether the original judge should have been disqualified. Third, she argues that the trial court erred by relying on inadmissible evidence to make its ruling. McGowan counters that footnote 15 is merely dicta, and that a new trial on remand was not required.

## II. DISCUSSION

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed 4 V.I.C. §§ 33-40, and reinstating appellate jurisdiction in this Court);[2] Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. Findings of fact are upheld unless they are "clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 575, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985). The Court exercises plenary review over the trial court's conclusions of law. *Saludes v. Ramos*, 744 F.2d 992 (3d Cir. 1984).

## III. ANALYSIS

■ When a case is remanded by an appellate court, the trial court must "proceed in accordance with the mandate and the law of the case on appeal." *United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir. 1991) (quoting *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985)). "The mandate and the opinion must be considered together in their entirety with particular reference to the issues considered." *Blakesley v. Wolford*, 662 F. Supp. 55, 57 (E.D. Pa. 1987) (quoting *Bankers Trust*, 761 F.2d at 950). The mandate rule contains one exception, "where there has been clear-cut change in the state law after

---

[2] Our jurisdiction in this regard was previously provided under 4 V.I.C. § 33.

the federal appellate decision, which clearly compels a different conclusion ..." *Ratay v. Lincoln Nat'l Life Ins. Co., ("Ratay II")*, 405 F.2d 286, 288 (3d Cir. 1968).

The Superior Court did not conduct a new trial. Instead, it issued a decision after certifying its familiarity with the case. That approach is not consistent with the state of the law in this circuit.

In *Ratay II*, the United States Court of Appeals for the Third Circuit remanded a trial court decision with an instruction to conduct a new trial. 405 F.2d at 287 (citing *Ratay v. Lincoln Nat'l Life Ins. Co., ("Ratay I")* 378 F.2d 209 (3d Cir. 1967)). The trial court subsequently reversed its earlier decision without conducting a new trial. *Id.* at 288. The *Ratay II* Court, after determining that no change in state law had occurred which would compel a different conclusion, ordered that its "decision on the prior appeal must be followed, and our present mandate will require a new trial in which our prior decision will be carried out." *Ratay II*, 405 F.2d at 290; *see also Edwards v. Wyatt*, No. 04-3325, 2005 U.S. App. LEXIS 10688, at *8 (3d Cir. June 8, 2005) (unpublished) (remanding a case to the trial court for further findings where the trial judge had pre-deceased the appeal, "so that whomever is assigned to this case below will have the opportunity to consider the evidence afresh, unencumbered by any previous factual findings and legal conclusions").

The Superior Court pointed to no changes in Virgin Islands law that would have compelled it to issue an order without conducting a new trial. Instead, it certified its familiarity with this matter and issued an opinion without conducting a new trial on the issues of trespass and adverse possession. This Court specifically mandated that a new trial must take place on the issues of Hodge's trespass and adverse possession claims. By issuing a ruling without conducting a new trial, the Superior Court did not comply with this Court's specific mandate.

## IV. CONCLUSION

Accordingly, for the reasons stated above, this Court will vacate the Superior Court's order and remand this matter a second time with specific instructions for the Superior Court to conduct a new trial on the issues of trespass and adverse possession.