**\*AMENDED CLD-062**                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3439
_____

IN RE: LINDA SIMON; JENNIFER BRAITHWAITE;
SHEREE GLADDEN; TROY GLADDEN; AMERICA SMITH;
AKIL HENLEY; ANTONIO SMITH; CASSANDRA BRAITHWAITE,
Petitioners

_____

Petition for a Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 6, 2012

Before:  RENDELL, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 7, 2013 )
_____

OPINION OF THE COURT
_____

PER CURIAM

In this proceeding seeking a writ of mandamus, Petitioners ask this Court to direct

the Honorable Harold W.L. Willocks of the Superior Court of the Virgin Islands to cease

issuing and to vacate orders in a pending matter captioned <u>McGowan v. Hodge</u>, 1988-cv-

340 (V.I. Super. Ct., Div. of St. Thomas & St. John).  Petitioners do not appear to be

parties to that action.  Nevertheless, they assert that orders issued in that case have

violated their interest, as the heirs of Johanna James, in a parcel of land located on the

island of St. John. Petitioners further assert that ownership of that parcel of land was established more than four decades ago in a decision issued by this Court. See Dudley v. Meyers, 422 F.2d 1389 (3d Cir. 1970). Petitioners also ask that we direct the Lieutenant Governor of the Virgin Islands to rescind all official survey maps and deeds involving the land which allegedly run afoul of our decision in Dudley. Finally, Petitioners ask that we direct "all courts" in the Virgin Islands to comply with our mandate in Dudley.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651(a), which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). In addition, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." In re Pressman-Gutman Co., 459 F.3d 383, 399 (3d Cir. 2006) (internal quotation marks omitted).

Given that Petitioners do not appear to be parties to the proceedings in McGowan v. Hodge, their standing to pursue this mandamus petition is questionable, at best. In any event, it is clear that Petitioners have not shown the absence of alternative means to obtain the relief they seek. The Supreme Court of the Virgin Islands has appellate

2

jurisdiction "over all appeals arising from final judgments, final decrees or final orders" entered by the Superior Court. V.I. Code Ann. tit. 4, § 32(a). The Supreme Court of the Virgin Islands also has authority to entertain mandamus petitions, V.I. Code Ann. tit. 4, § 32(b), although "petitions for writ of mandamus cannot substitute for the regular appeals process." In re Gov't of the V.I., 2011 WL 1983415, at *3 (V.I. 2011) (per curiam). Petitioners have not demonstrated that these untried avenues for relief would be inadequate to address their challenge to the proceedings in McGowan v. Hodge. "[W]here there are practical avenues for seeking relief that are untried, this Court will ordinarily deny a petition for mandamus." In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000).[1]

Accordingly, we will deny the petition for a writ of mandamus. Petitioners' motions filed in connection with this mandamus petition are denied.

---

[1] We also lack the authority to direct the Lieutenant Governor of the Virgin Islands, or any other local government official, to remove official maps and deeds. Cf. In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (holding that a district court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official").

3